Stewart, J.
The sole question of law presented in the present cases is whether the Court of Appeals was in error in dismissing the appeals of appellants from the judgment of the court of the sanitary district, *263 which judgment overruled the exceptions of appellants to the appraisal of benefits in connection with the expansion program of the sanitary district and confirmed such appraisal.
It is urged that the appeals from the judgment of September 29, 1952, should have been dismissed by reason of the action of the district court in setting aside such judgment and entering a new one. However, in our opinion the Court of Appeals properly held that, “when the notice of appeal was filed, if there is a right of appeal, the jurisdictional court [district court] lost its jurisdiction to make further orders in the case,” and that the subsequent orders made by such court could not properly appear in the transcript of such cases upon appeal.
It is urged by appellee that the district court in approving the plan and report of the board of appraisers in these cases was acting in a political and governmental capacity; that the approval by the court of the report of the board of appraisers was political and legislative, was resolved by discretion and opinion, and was not the exercise of a judicial function; and that, therefore, no appeal from the action of the court would lie. However, this court has heretofore held that the G-eneral Assembly in delegating functions to the Courts of Common Pleas in reference to the establishment of conservancy and sanitary districts empowered such courts to exercise judicial functions.
In the case of County of Miami v. City of Dayton, 92 Ohio St., 215, 110 N. E., 726, involving the constitutionality of the Miami Conservancy Act, this court held such act to be constitutional, and in the opinion by Wanamaker, J., it was said:
“Again, it is claimed with much force that the conservancy statute undertakes to delegate legislative power. It is not specifically pointed out just what powers are strictly and wholly legislative, but it cer *264 tainly cannot be seriously contended that the powers vested in the Court of Common Pleas pertaining to the creation of the district are in any strict sense legislative powers.
“A hearing is involved, a trial upon certain issues made by the petition and the objections thererto, and certain findings must be made by the Court of Common Pleas in that behalf, all of which are essentially judicial in their nature. ’ ’
In the case of Shook v. Mahoning Valley Sanitary District, 120 Ohio St., 449, 166 N. E., 415, the constitutionality of the act establishing the appellee in the present case was upheld, and similar approval was given as to metropolitan park districts in the case of State, ex rel. Bryant, v. Akron Metropolitan Park District, 120 Ohio St., 464, 166 N. E., 407.
In the latter case, in the opinion by Chief Justice Marshall, it was said that the authority delegated to the Probate Courts to determine the extent of territory to be created into a park district is a function in every sense judicial.
Prom what this court has heretofore declared, it is obvious that the action of the district court in the present cases constituted the exercise of judicial power. The judgment of the district court, constituted of a judge of the Common Pleas Court of Mahoning County, a judge of the Common Pleas Court of Trumbull County, and a judge of the Common Pleas Court of Belmont County, designated by the Chief Justice of the Supreme Court in accord with Section 6602-35, General Code (Section 6115.04, Revised Code), being in the exercise of judicial power, appeals therefrom are controlled by the provisions of Section 12223-3, General Code (Section 2505.03, Revised Code), which reads as follows:
“Every final order, judgment, or decree of a court and, when provided by law, the final order of any ad *265 ministrative officer, tribunal, or commission may be reviewed as herein provided, unless otherwise provided by law, except that appeals from judgments of justices of the peace upon questions of law and fact shall be taken in the manner now provided for in General Code Sections 10382 to 10389, inclusive.”
Section 6 of Article IY of the Constitution gives Courts of Appeals “such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders # * * .of courts of record inferior to the Court of Appeals,” and under the above-quoted statute appellants insist that they have a right of appeal to the Court of Appeals, whereas appellee contends that there is no right of appeal because of the term in the statute, “unless otherwise provided by law.”
That brings us to a consideration of Sections 6602-65 and 6602-66, General Code (Sections 6115.36 and 6115.37, Bevised Code).
Section 6602-65, General Code, reads in part:
“If it appears to the satisfaction of the court after having heard and determined all said exceptions that the estimated cost of constructing the improvement contemplated in the official plan is less than the benefits appraised, then the court shall approve and confirm the appraisers ’ report as so modified and amended, and such findings and appraisals shall be final and incontestable.'1 ’ (Emphasis added.)
Section 6602-66, General Code, reads in part as follows:
“Any person, or public or private corporation desiring to appeal from an award as to compensation or damages, shall within ten days from the judgment of the court confirming the report of the appraisers, file with the clerk of the court a written notice making demand for a jury trial. * * *
‘ ‘ The appeal shall be from the award of compensa *266 tion or damages, or both of them, but from no other part of the decree of the court.
“In case more than one appeal is entered from the awards as to compensation or damages in the same county, the court may, upon a showing that the same may be consolidated without injury to the interests of anyone, consolidate and try the same together. ’ ’
Appellants argue that the phrase, ‘ ‘ such findings and appraisals are final and incontestable,” means simply that such findings bind the parties thereto and that such parties can not claim after final adjudication that the findings are not res judicata.
It seems to us, however, that such emphatic words as “final and incontestable,” without any modification or restriction, mean just what they say and are all-inclusive.
Appellants contend that the language, “the appeal shall be from the award of compensation or damages, or both of them, but from no other part of the decree of the court,” means that no appeal can be had from any other part of the decree of the court with reference to compensation or damages but does not preclude an appeal from a decree of the court which has no reference to compensation or damages. There might be plausibility in this contention if it were not for the final and incontestable provision, and that language precludes an appeal by parties, such as appellants, to the Court of Appeals. As a matter of fact, the appeal from the award of compensation or damages contemplates only a right to a jury trial in reference to such compensation or damages and not an appeal to the Court of Appeals.
This court has decided many times that there is no inherent right of appeal from a judgment of a court and that such right must be conferred by constitution or statute. City of Middletown v. City Commission of Middletown, 138 Ohio St., 596, 603, 37 N. E. (2d), 609; *267 Lindblom v. Board of Tax Appeals, 151 Ohio St., 250, 85 N. E. (2d), 376; Corn v. Board of Liquor Control, 160 Ohio St., 9, 113 N. E. (2d), 360.
Sections 6602-65 and 6602-66, General Code, making final and incontestable the determination by the court confirming the report of the board of appraisers with reference to benefits and providing an appeal only with reference to an award of compensation or damages, or both, prohibit any appeal to the Court of Appeals from a sanitary district court.
Appellants argue that prohibiting an appeal is not contemplated in the language, ‘ ‘ otherwise provided by law,” as found in Section 12223-3, General Code, but we can not concur in that claim. If a right of appeal is granted by a general statute which provides that there may be an appeal unless otherwise provided by law, and a special statute referring to special cases prohibits an appeal with reference to such cases, that special statute provides otherwise by law as to the general right of appeal in the general statute.
Appellants contend further that Section 6602-68, General Code (Section 6115.39, Revised Code), sanctions their right of appeal to the Court of Appeals. That section provides:
“Upon the entry of the order of the court approving the report of the appraisers, as provided for in this act, the clerk of said court in which the same is entered shall transmit a certified copy of the said decree, and of the appraisals as confirmed by the court, except those parts from which appeals have been perfected but not determined, to the secretary of the district. When any appeal has been finally determined, the clerk of that court shall certify the amount of each item of the judgment to the clerk of the court having the original case, who shall file the same therein and thereupon transmit certified copies of the same as in this section above provided.”
*268 The argument of appellants is to the effect that the perfection of appeals being contemplated in the foregoing statute, the General Assembly must have intended them to have a right of appeal. However, provision is made in Section 6602-70, General Code, for an appeal by the board of directors of a sanitary district “from any order of the Court of Common Pleas made in any proceedings under this act, not requiring the intervention of a jury,” and the appeals referred to in Section 6602-68, General Code (Section 6115.39, Revised Code), are the appeals authorized under Section 6602-70, General Code.
Since under the Sanitary District Act the approval by the district court of findings and appraisals of the board of appraisers is final and incontestable except as to an award of compensation or damages, concerning which there is an appeal having a trial by jury, since there is no right of appeal as to other parts of the decree of the court, and since the Sanitary District Act contains no other authorization for appeal, except that given to the board of directors under Section 6602-70, General Code, we are forced to the conclusion that the Court of Appeals had no jurisdiction to consider the appeals in the present causes, and, therefore, its judgments must be affirmed.

Judgments affirmed.

Weygandt, C. J., Middleton, Taft,- Hart, Zimmerman and Lamneck, JJ., concur.