Stewart, J.
 

 It is agreed by all parties to these consolidated appeals that the sole question involved is whether a taxpayer not a party to the proceedings before a county board of revision may, by reason of the provisions of Sections 5609, 5609-1 and 5610, General Code, appeal from the decision of the Franklin county board of revision to the Board of Tax Appeals.
 

 Section 5609, General Code, so far as it affects the question with which we are concerned, provides:
 

 “Any taxpayer may file such complaint as to the valuation or assessment of his own or another’s real property, and the county commissioners, the prosecuting attorney, county treasurer, or any board of
 
 *253
 
 township trustees, any board of education, mayor or ■council of any municipal corporation, in the county •shall have the right to file such complaint.”
 

 Section 5609-1, General Code, provides:
 

 “Whenever a county board of revision renders a ■decision on a complaint filed under the provisions of •Section 5609 of the General Code, it shall by registered mail certify its action to the person in whose name the property is listed, or sought to be listed, and to the ■complainant in the event the complainant be a person •other than the person in whose name the property is listed or sought to be listed.”
 

 Section 5610, General Code, so far as it applies to the question before us, reads as follows:
 

 “An appeal from the decision of a county board of •revision may be taken to the Board of Tax Appeals ’by the county auditor or any of the persons or public ■ officials authorized by Section 5609 of the General ■Code of Ohio to file complaints against valuations or assessments with the county auditor, within thirty ■■days after notice of the decision of the board of revision is mailed as provided in Section 5609-1 of the ■General Code of Ohio.”
 

 Appellant contends that under Section 5609, General •Code, he as a taxpayer had authority to file a complaint as to the valuation of the real property of the various complainants before the board of revision. Although appellant filed no such complaint, he contends that since Section 5610, General Code, provides that an appeal from the decision of a county board .-of revision may be taken to the Board of Tax Appeals bv any of the persons authorized by Section 5609, General Code, to file a complaint, and he as a taxpayer was authorized to file such complaint, he has the right to appeal from the decision of the board of revision.
 

 There is no right of appeal from a.judgment of a -court or decision of a statutory board except as it is •conferred by law.
 

 
 *254
 
 In the case of
 
 City of Middletown
 
 v.
 
 City Commission of Middletown,
 
 138 Ohio St., 596, 37 N. E. (2d), 609, Judge Zimmerman in writing the opinion of the-court said, on page 603:
 

 “The right of appeal is not an inherent or inalienable right, but must be conferred by authority upon, the person who would enjoy it. 2 American Jurisprudence, 847, Section 6. It is unknown to the common law. 4 Corpus Juris Secundum, 81, Section 18. The-Constitution of Ohio' prescribes the jurisdiction of certain courts, but is silent as to who may prosecute an appeal. It is therefore necessary to turn to the statutory law of the state.”
 

 City
 
 of Middletown
 
 v.
 
 City Commission of Middletown, supra,
 
 was cited in support of the
 
 per curiam
 
 opinion in
 
 Village of Amherst
 
 v.
 
 Wragg,
 
 139 Ohio St., 371, at 372, 40 N. E. (2d), 149.
 

 It follows both from reason and authority that unless the statutory law clearly gives appellant a right to appeal in the present case, the decision of the Board: of Tax Appeals must be affirmed.
 

 Section 5610, General Code, does provide for an appeal by a person authorized by Section 5609 to file a complaint with the county auditor against valuations or assessments of real property. However, Section 5609-1 provides that when a board of revision renders a decision on a complaint filed under the provisions of' Section 5609, the board shall certify its action by registered mail to the person in whose name the property is listed or sought to be listed and to the complainant in the event the complainant be a person-other than the person in whose name the property is-listed or sought to be listed.
 

 According to Section 5610, General Code, an appeal’ must be taken within 30 days after the notice of the-decision of the board of revision is mailed, as pro-
 
 *255
 
 wider] in Section 5609-1. Such a provision would seem to limit the right of appeal to the taxpayer who was -authorized to file the complaint and who had done so.
 

 There is another potent reason for holding that the appellant had no capacity to appeal in the present case. Section'5609, General Code, provides that any taxpayer may file a complaint as to the valuation or • assessment of his own or another’s real property.
 

 When analyzed, the complaints of the railroads before the county board of revision were not as to the valuation or taxation of real property. There was no complaint as to overvaluation of real property. The complaint was limited to a prayer that the assessment be reduced to the value of the real property by eliminating the personal property which had been taxed.
 

 Even under his strongest claim appellant had no capacity to appeal to the Board of Tax Appeals ex-wept as to the valuation or assessment of real property. It is a query as to the authority of a county board of revision to concern itself with the question of the •assessment or valuation of personal property. In fact, that very question was raised by the attorneys for the -appellant in the present case when they appeared as ■
 
 amici curiae
 
 before the board of revision upon a hearing of the complaints of the railroads.
 

 Mr. Pretzman stated to the board of revision as ■follows:
 

 “I merely want to raise this question for consideration of you gentlemen who have to decide this question, and that is the point that the board of revision •does not have jurisdiction to entertain the matters requested in these complaints numbers one to seven, inclusive, because it does not confine itself to the question of whether the valuation assessed on the real • estate of the railroads is excessive or not. It becomes a question of determining whether there is an assessment upon personal property and whether that assess
 
 *256
 
 ment is properly made under the General Code sections mentioned, particularly 6828-1, and this board has no jurisdiction of the determination as to whether personal property is assessed or can be assessed by the conservancy district. Mr. Siegman has mentioned, of course, the point that they raise here, namely, that the real property is excessively assessed because of the inclusion of personalty. Well, now, I believe that the lands and buildings used in operation are not excessively assessed according to the schedule that comes down, and that means, therefore, that this board in order to entertain the relief asked for here will have to come into a construction of General Code 6828-1 and make a determination as to whether the assessment is on personal property and whether or not personal property is included in this assessment.”
 

 No taxpayer may file a complaint pursuant to Section 5609, General Code, except as to the valuation or assessment of his own or others’ real property and, therefore, it would appear that, with reference to the-complaints involved in the present case, appellant herein would not have had a right under Section 5609' to file a complaint with reference to the personal property of complainants herein. As to whether the complainants had such a right is not now before this court, no party to the complaint having perfected an appeal' from the decision of the board of revision.
 

 It follows, therefore, that the decision of the Board' of Tax Appeals that appellant was without capacity to appeal from the decision of the board of revision-of Franklin county was not unreasonable or unlawful..
 

 Decision affirmed.
 

 Weygandt, C. J., Zimmerman, Turner and Taet, JJ.,. concur.
 

 Matthias and Hart, JJ., dissent.