Taft, J.,
dissenting. Paragraph two of the syllabus in Lindblom v. Board of Tax Appeals, 151 Ohio St., 250, 85 N. E. (2d), 376, reads in part:
“There is no right of appeal from * * * a judgment *435 of a legally constituted court except as provided by statute.” (Emphasis supplied.)
That this is an accurate statement of the law with respect to the right to appeal to the Court of Appeals is apparent from the language of Section 6 of Article IV of the Constitution, as effective since 1945. That section reads in part:
“The Courts of Appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of * * * courts of record inferior to the Court of Appeals * * (Emphasis supplied.)
Even prior to 1945, when the jurisdiction of the Court of Appeals over judgments and final orders was conferred directly on that court by Section 6 of Article IV of the Constitution, this court held that an appellant did not have a right to prosecute two appeals in a case such as this. Michigan-Ohio-lndiana Coal Assn. v. Nigh, Admx., 131 Ohio St., 405, 3 N. E. (2d), 355.[1] *436 Now, the statutes, which are a necessary basis for any appeal under the present form of that constitutional provision, do not authorize but do actually negative the splitting into two appeals of “the appeal” for which they provide.
Section 12223-7, General Code, reads in part:
“After the journal entry of the final order, judgment or decree, has been approved by the court in writing and filed with the clerk for journalization, or after the entry of other matter for review, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is as follows:
“1. In appeals * * * to Courts of Appeals * * * within twenty (20) days.
“Provided, that, when a motion for neto trial is filed by either party within ten days after a journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization, then the Ume of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial.” (Emphasis supplied.)
If the order of the trial court overruling the motion for judgment notwithstanding the verdict and rendering judgment for plaintiff, as journalized on May 1, *437 1950, was a “final order, judgment or decree,”[2] then, when the motion for new trial was thereafter filed by defendant on the same day and so necessarily “within ten days after” such journalization, the time of perfecting “the appeal” from that final order could not, under the language of the statute, begin to run until “the entry of the order overruling or sustaining the motion for new trial.” Until that time, under the language of the statute, there was no period of time within which “the appeal” could “be perfected.” Thus, unless defendant abandoned that motion for new trial, any appeal, such as defendant’s first appeal, would be premature until the trial court overruled or sustained that motion for new trial.
Therefore, by relying upon its right to maintain the first appeal before any such ruling on the motion for *438 new trial, defendant necessarily took a position in these legal proceedings inconsistent with any right it might otherwise have had to rely upon its motion for new trial. Until the motion for new trial was ruled upon, the statute required the conclusion that any appeal was premature. Only by regarding the unruled-upon motion for new trial as a nullity could defendant be successful in taking the position, which it took before the Court of Appeals and this court, that it had a right to maintain that first appeal.
Having dragged plaintiff through proceedings before the Court of Appeals and this court on the first appeal, defendant certainly “caused detriment to” plaintiff (see Frederickson v. Nye, 110 Ohio St., 459, 144 N. E., 299, 35 A. L. R., 1163) and plaintiff suffered harm by defendant’s election to pursue the remedial rights asserted in that first appeal. That election should, therefore, bar defendant from taking the inconsistent position, which it must necessarily take in this second appeal, that the first appeal was premature.

Section 12270, General Code, as then in force provided:
“No proceedings to reverse, vacate or modify a judgment or final order shall be commenced unless within seventy days after the entry of the judgment or final order complained of * *
Paragraph one of the syllabus of that ease reads:
“Where a trial court has overruled motions of a defendant for a directed verdict in its favor, the time of beginning proceedings in error begins to run, not from the date of such overruling, but from the date of the entry of the final order or judgment disposing of tiie ease.”
In the court’s opinion by Jones, J., on pages 408 and 409, it is said:
“Prom the two opinions rendered by the Court of Appeals, we gather that its refusal to consider the motions for a directed verdict was based upon two grounds: (1) That the time for filing a petition in error in such cases begins to run from the date of the overruling of the motion for a directed verdict * * *.
<i* * * The opinion of the Court of Appeals clearly indicates that a defendant who desires to rely on its motions for a directed verdict must not only prosecute error from the trial court’s orders overruling the motions, but that his time for filing error proceedings begins at the date of the overruling of the motions. * * *
“One could as well argue that a defendant who demurs to a pe *436 tition or who asks final judgment on the statement of counsel and is met by an adverse ruling of the court on one or both, must commence his error proceedings within seventy days' after the time such adverse rulings were made. Under our system of jurisprudence, we have adhered to a procedure which provides for the submission of every question of fact or law in a single action wherein one final judgment between the same parties and one only is rendered by the trial court. Whether the error complained of consists in the overruling of a demurrer to a pleading, in the rendition of judgments non obstante veredicto, or in the sustention or refusal to sustain a motion for a directed verdict, as in the instant case, each or ail are brought forward for review in a single action wherein the appellate court may review all assigned errors for the purpose of determining whether prejudicial error intervened in the trial court’s final judgment. It is from the entry of that *437 judgment that the seventy-day period applies under Section 12270, General Code. Our court has sustained this procedure in many decided cases * *

The necessary conclusion from the decision in Michigan-Ohio-Indiana Coal Assn. v. Nigh, Admx., supra, described in the previous footnote, is that an order overruling a defendant’s motion for a directed verdict or overruling his motion for judgment non obstante veredicto was not then a final order until a judgment was rendered against the defendant or his motion for new trial was granted.
Thus, in Cincinnati Goodwill Industries v. Neuerman, 130 Ohio St., 334, 199 N. E., 178, it is stated “that the action of the trial court in overruling the motions of defendant for a directed verdict and for judgment contra verdict and granting the motion for a new trial constituted a final order from which error may be prosecuted.” (Emphasis supplied.)
Under our present appellate practice, a judgment is now rendered before a motion for new trial is filed. However, if a motion for new trial should be duly filed within ten days after such a judgment, the judgment so rendered does not become a final order or judgment which may be reviewed on appeal before the trial court passes upon the motion for new trial. See Green v. Acacia Mutual Life Ins. Co., 156 Ohio St., 1, 100 N. E. (2d), 211. See, also, paragraph one of the syllabus in the instant case.
Of course, if no motion for new trial should be filed within ten days after a judgment for the plaintiff or if the defendant withdraws or otherwise abandons such a motion for new trial, then the judgment so rendered would be a final order or judgment within the meaning of Section 6 of Article IV of the Constitution.