Lamneck, J.
The Board of Review insists in its assignments of error that the judgment of the Court of Appeals, affirming the judgment of the Court of Common Pleas which awarded unemployment benefits to the claimant, was unlawful, unreasonable and against the manifest weight of the evidence.
Before the appeal instituted by the Board of Review could be heard on its merits by this court, the claimant filed a motion in the court to dismiss the appeal on the ground that the “Board of Review is without legal authority to prosecute an appeal and as a consequence this court is without jurisdiction to hear this appeal.”
*563 This court heard the motion at the time this cause was presented on its merits.
As stated in City of Middletown v. City Commission, 138 Ohio St., 596, 603, 37 N. E. (2d), 609, “the right of appeal is not an inherent or inalienable right, but must be conferred by authority upon the person who would enjoy it.” See 2 American Jurisprudence, 847, Section 6.
In Lindblom v. Board of Tax Appeals, 151 Ohio St., 250, 85 N. E. (2d), 376, this court held that “there is no right of appeal from a decision of a statutory board or a judgment of a legally constituted court except as provided by statute. ’ ’
To the same effect is the decision of this court in Corn v. Board of Liquor Control, ante, 9, 113 N. E. (2d), 360; A. DiCillo & Sons, Inc., v. Chester Zoning Board of Appeals, 158 Ohio St., 302, 109 N. E. (2d), 8.
As a general rule an administrative agency has no partisan interests in its decisions. Unless there is express statutory authority therefor, an agency may not appeal from a judgment which, in effect, vacates its decision.
Does the Unemployment Compensation Act authorize the Board of Review to prosecute an appeal from a judgment reversing its decision denying unemployment benefits?
Section 1346-4, General Code (Section 4141.28, Revised Code), provides in part as follows:
“Any interested party * * * may * * * appeal from the decision of the Board of Review, or of a referee where an appeal has been disallowed by the board, to the Court of Common Pleas * * *. Any interested party shall have the right to appeal from the Court of Common Pleas as in ordinary civil cases.” (Emphasis added.)
As defined by Section 1345-1 (g), General Code (Section 4141.01 (I), Revised Code), an “interested party * * * means the claimant, his most recent employer, *564 any employer in such claimant’s base period and the administrator. ’ ’
This section does not include the Board of Review as an interested party, and under the Unemployment Compensation Act there is no authority for the Board of Review to appeal from a judgment reversing its decision.
There are no provisions in the Administrative Procedure Act or in the Appellate Procedure Act which authorize the Board of Review, established by the Unemployment Compensation Act, to appeal from a judgment of a court, which in effect vacates the board’s decision disallowing unemployment compensation to a claimant.
The Board of Review has asked this court to remand the cause to the Court of Common Pleas so that the Administrator of the Bureau of Unemployment Compensation may be made a party-appellee.
“The Bureau of Unemployment Compensation, State of Ohio” was a party-defendant in the appeal to the Court of Common Pleas and was properly served. As the administrator is the executive officer of the bureau, service on the bureau is equivalent to service on the administrator. The administrator being in fact a party in the Court of Common Pleas and having failed to exercise his right of appeal from the judgment of that court, he is not now in a position to claim he was not made a party.
Because an appeal was not properly taken from the judgment of the Court of Common Pleas awarding unemployment compensation to the claimant, this court is without jurisdiction to pass on the merits of this cause.
The motion to dismiss the appeal is sustained.

Motion sustained.

Weygandt, C. J., Middleton, Tart, Hart, Zimmerman and Stewart, JJ., concur.