Zimmerman, J.
It has long been established that the Public Utilities Commission is strictly an administrative board governed by the statutory enactments creating it and prescribing its operations. Among the functions of the commission, in a proceeding properly brought before it and after investigation and hearing, is the determination of charges and rates which may lawfully be collected by a public utility in furnishing its products or services to the publie.
The Publie Utilities Commission is a branch of the state government and it is to be assumed that it will act with fairness and impartiality in respect to all persons and matters coming within its jurisdiction.
Presumptively, at least, rates or charges as determined by the commission are fair and reasonable, and a party who contends otherwise has the burden on appeal of showing that they are unjust, unreasonable or unlawful. City of Cincinnati v. Public Utilities Commission, 151 Ohio St., 353, 86 N. E. (2d), 10.
The second paragraph of the syllabus in Lindblom v. Board of Tax Appeals, 151 Ohio St., 250, 85 N. E. (2d), 376, reads:
‘ ‘ There is no right of appeal from a decision of a statutory board or a judgment of a legally constituted court except as provided by statute.”
Such statement has been quoted with approval in several later cases decided by this court. See A. DiCillo & Sons. Inc., v. Chester Zoning Board of Appeals, 158 Ohio St., 302, 304, 109 E. E. (2d), 8, 9: Miller v. Bureau of Unemployment Compensation, 160 Ohio St., 561, 563, 117 N. E. (2d), 427, 428; and State, ex rel. Michaels, v. Morse et al., Industrial Commission, 165 Ohio St., 599, 606, 138 N. E. (2d), 660, 665.
*108 It is said in 73 Corpus Juris Secundum, 1147, Public Utilities, Section 64a:
“The orders of a public utility or similar commission are subject to such judicial review, by appeal or otherwise, as is authorized by constitutional or statutory provisions; but any right to appeal from or obtain a judicial review of the orders or regulations of a public utility commission is founded wholly on constitutional or statutory provisions, it does not exist except in a case within a provision therefor, and in the absence of any provision therefor no such right exists. Consequently, the orders and regulations of a commission may be reviewed only by such court and may be reviewed only in such manner as may be prescribed by constitution or statute, and the power of review conferred on the courts may be exercised only on the conditions and within the limits thereby established.”
The statutes of Ohio provide the method of appealing from final orders of the Public Utilities Commission to this court. Section 4903.13, Revised Code, reads:
“A final order made by the Public Utilities Commission shall be reversed, vacated, or modified by the Supreme Court on appeal, if, upon consideration of the record, such court is of the opinion that such order was unlawful or unreasonable.
“The proceeding to obtain such reversal, vacation, or modification shall be by notice of appeal, filed with the Public Utilities Commission by any party to the proceeding before it, against the commission, setting forth the order appealed from and the errors complained of. * * #”
Section 4903.15, Revised Code, recites:
“Unless a different time is specified therein or by law, every order made by the Public Utilities Commission shall become effective immediately upon entry thereof upon the journal of the Public Utilities Commission. * * *”
Then, Section 4903.16, Revised Code, declares:
“A proceeding to reverse, vacate, or modify a final order rendered by the Public Utilities Commission does not stay execution of such order unless the Supreme Court or a judge thereof in vacation, on application and three days ’ notice to the commission, allows such stay, in which event the appellant shall execute an undertaking, payable to the state in such a *109 sum as the Supreme Court prescribe's, with surety to the satisfaction of the Clerk of the Supreme Court, conditioned for the prompt payment by the appellant of all damages caused by the delay in the enforcement of the order complained of, and for the repayment of all moneys paid by any person, firm, or corporation for transportation, transmission, produce, commodity, or service in excess of the charges fixed by the order complained of, in the event such order is sustained.” (Emphasis supplied.)
By this latter section any stay of an order of the commission is dependent on the execution of an undertaking by the appellant, and the appellant herein is the city of Columbus which is unwilling to furnish an undertaking in more than a nominal amount. Our examination of the controlling statutes fails to disclose any provision whereby an appellee may be required to furnish an undertaking upon a stay sought by the appellant.
Patently, Section 4903.16, Revised Code, was designed primarily to apply to a public utility which is dissatisfied with the rates or charges as ordered by the Public Utilities Commission.
Sections 4903.17, 4903.18 and 4903.19, Revised Code, relate back to Section 4903.16 and are of no assistance to the appellant city in what it now seeks.
The case of Keco Industries, Inc., v. Cincinnati & Suburban Bell Telephone Co., 166 Ohio St., 254, 141 N. E. (2d), 465, recently decided by this court, has relevancy here. There it is said in the opinion, at page 258:
“ * * * under the statutes of Ohio the utility has no choice but to collect the rates set by the order of the commission, in the absence of a stay of execution pursuant to Section 4903.16, Revised Code. We have determined further that the General Assembly provided that there is no automatic stay of any order, but that it is necessary for any person aggrieved thereby to take affirmative action, and if he does so he is required to post bond.”
Since appeals from final orders of the Public Utilities Commission of Ohio are governed solely by statute and there is no statute providing for the stay of a final order of the commission fixing rates or charges collectible by a public utility unless the appellant furnishes an undertaking, this court is of the *110 opinion that the applications of the appellant city for stay must be denied.
As to the alternative relief requested by the city, the applications therefor must also be denied. As we have hereinbefore pointed out, appeals from the Public Utilities Commission of Ohio are governed solely by statute, and there is no statute which requires that, during the pendency of an appeal from the order of the commission granting an increased rate, the utility must impound the increase collected or post bond to insure reimbursement to its consumers in the event the rate should be ultimately lowered. Frankly, we sympathize with the city’s position, but the absence of legislation supporting it impels the conclusion reached.

Applications denied.

Tart, Matthias and Peck, JJ., concur.
Weygandt, C. J., Bell and Herbert, JJ., dissent.