BOARD OF EDUCATION OF CLEVELAND CITY SCHOOL DIST., APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

(No. 73-60—Decided June 20, 1973.)

232

*Messrs. Kelley, McCann & Livingstone, Mr. Walter C. Kelley*, and *Mr. Michael L. Gordon*, for appellant.

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. Thomas P. Cyrus*, for appellee Cuyahoga County Board of Revision.

*Messrs. Arter & Hadden, Mr. Thomas V. Koykka*, and *Mr. Quentin Alexander*, for appellee Union Properties Division of the Union Commerce Bank.

*Messrs. Kahn, Kleinman, Yanowitz & Arnson* and *Mr. Thomas L. Dettelbach*, for appellee Avenue Development Company.

*Messrs. Spieth, Bell, McCurdy & Newell* and *Mr. Everett D. McCurdy*, for appellee F. W. Woolworth Company.

STERN, J. The specific issues before us is whether a decision of a board of revision, rendered pursuant to a complaint filed by a property owner, may be appealed to the Board of Tax Appeals by a board of education which did not file a complaint with the board of revision regarding the subject property. We hold that it may not.

It is axiomatic that there is no right of appeal from the decision of a statutory board, except as provided by statute. Paragraph two of the syllabus in *Lindblom* v. *Board of Tax Appeals, supra* (151 Ohio St. 250). Appellant argues that such a right of appeal exists by virtue of R. C. 5717.01, which provides that "an appeal from a decision of a county board of revision may be taken to the Board of Tax Appeals * * * by the county auditor or any person or public official authorized by Section 5715.19 of the Revised Code to file complaints against valuations or assessments with the auditor. * * *"

It is uncontested that the board of education is authorized by R. C. 5715.19[5] to file such a complaint. Further, R. C. 5717.01 is the sole statute conferring jurisdiction upon the Board of Tax Appeals to hear and determine appeals from decisions rendered by a board of revision. The question then is whether *authorized* complainants under R. C. 5715.19 have a right of appeal regardless of whether they have filed a complaint.

A "hearing" 'is a proceeding of relative formality, generally public, with definite issues of fact or of law to be

[5]R. C. 5715.19 provides, in part:

"* * * Any taxpayer may file such a complaint as to the valuation or assessment of his own or another's real property, and the Board of County Commissioners, the prosecuting attorney, or the treasurer of any county, and board of township trustees, any *board of education*, or the mayor or legislative authority of any municipal corporation in any county may file such a complaint, * * *" (Emphasis added.)

tried, in which parties proceeded against have a right to be heard; an "appeal" is a complaint to a higher tribunal of an error or injustice committed by a lower tribunal, in which the error or injustice is sought to be corrected or reversed. Black's Law Dictionary (4 Ed.). It is fundamental, therefore, that under ordinary circumstances only those who are parties at a hearing have a right of appeal. To hold otherwise would be to destroy the very purpose of the hearing, *i. e.*, to collect all relevant evidence, and would permit an interested person, such as appellant herein, to not participate in the hearing, hoping for favorable results, and then, if the results were unfavorable, to become a party to an appeal and present additional evidence at the appellate level.

Appellant argues that if it is not entitled to appeal a decision of the board of revisions, unless it has been a complainant at the hearing, it would be forced to file complaints with the board of revision against the valuation of all properties in its district. Otherwise, appellant argues, a complainant as to one or more properties might receive a judgment adverse to the board of education from which it could not appeal. However, examination of R. C. Chapter 5715 provides evidence to the contrary.

R. C. 5715.01 provides that a board of revision shall "hear complaints and revise assessments of real property for taxation." R. C. 5715.19 provides that any taxpayer, or, among others named, any board of education, may file a complaint. Further, in accordance with the amendment to R. C. 5715.17, effective September 6, 1965 "the auditor shall furnish *notice* to boards of education of school districts within the county *of all hearings, and the results* of such hearings, held in regard to the reduction or increasing of tax valuations in excess of one hundred thousand dollars directly affecting the revenue of such district." (Emphasis added.) Finally, R. C. 5715.10 authorizes a board of revision to "call persons before it and examine them under oath as to their own or another's real property."

It is evident, therefore, that a board of education will

receive notice of all pending hearings. Having received such notice, it may then file a complaint, regarding the same property, in those instances where it deems such action advisable to protect its interest. Accordingly, it may become a complainant prior to the rendering of the decision by the board of revision. Such procedure provides a board of education an opportunity to protect its interest, and further enables the board of revision to assure that all relevant evidence will be presented at hearings.

We conclude that a board of revision is required to obtain all information, either from the parties or through independent investigation, necessary to perform its statutory duty to conduct hearings on complaints filed, and that more than one party may file a complaint, regarding the same property, to be heard by the board of revision.

R. C. 5717.01, which confers appellate jurisdiction, also provides that notice, which is a prerequisite to a right of appeal, must be sent in compliance with R. C. 5715.20. R. C. 5715.20 states that a board of revision "shall certify its action by registered mail *to the person in whose name the property is listed or sought to be listed, and to the complainant* if he is a person in whose name the property is listed or sought to be listed." (Emphasis added.) Appellant herein was not entitled as a matter of law to receive such notice in any of these three cases.[a]

Finally, it should be noted that this is not a case of first impression before this court. Paragraph one of the syllabus in *Lindblom* v. *Board of Tax Appeals, supra* (151 Ohio St. 250), provides:

"Where a public utility has filed with a county board of revision a complaint not based on any alleged overvalua-

---

[a] The requirement of R. C. 5715.17 that notice of the *results* of such hearings must be furnished to boards of education, serves to apprise the board (1) of action taken in those hearings in which they might have an interest, but were not parties, and (2) of the effect the decision of the board of revision will have on the board of education's budget. It does not, however, constitute notice to the board of education for purposes of appeal.

tion of real property but solely on the inclusion of personal property in a tax levied under Section 6828-43, General Code, a taxpayer who was not a party to the complaint before the board of revision is not authorized under Section 5610, General Code, to appeal to the Board of Tax Appeals from the decision of the board of revision.''

Appellant argues, however, that that case turned upon the fact that the complaint filed therein did not pertain to real property, and that the portion of that opinion dealing with whether an authorized complainant must file a complaint before being entitled to appeal is *obiter dictum*. We cannot agree.

In *Lindblom*, this court stated, at pages 254-255:

''According to Section 5610 General Code [R. C. 5717.-01], an appeal must be taken within 30 days after the notice of the decision of the board of revision is mailed, as provided in Section 5609-1. [R. C. 5715.20.] Such a provision would seem to limit the right of appeal to the taxpayer who was authorized to file the complaint and who has done so.'' The court then pointed out that: ''There is *another* potent reason for holding that the appellant has no capacity to appeal in the present case,'' *i. e.*, the nature of the property. (Emphasis added.)

Additionally, the dissenting opinion, at page 257, emphasized that ''* * * the majority opinion holds that a taxpayer cannot appeal from the action of the board of review involved herein, since he was not a party to the complaints before the board of revision.''

In accordance with our analysis of the statutory scheme providing for appeals from a decision of a board of revision, and our previous holding in *Lindblom, supra*, we hold that a board of education which was not a complainant before the board of revision is not authorized to appeal to the Board of Tax Appeals from the decision of the board of revision.'

---

'In view of this disposition of this case, we need not at this time examine the question of whether a "board of education" constitutes a "person or public official," as those terms are used in R. C. 5715.01.

The decisions of the Board of Tax Appeals, being neither unreasonable nor unlawful, are affirmed.

*Decisions affirmed.*

O'Neill, C. J., Herbert, Corrigan, W. Brown and P. Brown, JJ., concur.
Celebrezze, J., dissents.