218

CITY OF NORTH OLMSTED ET AL., APPELLANTS, *v.*
CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as North Olmsted v. Bd. of Revision (1980),
62 Ohio St. 2d 218.]

(No. 79-1352—Decided May 21, 1980.)

*Mr. Daniel J. Krolick,* for appellants.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Jeffrey I. Sherwin,* for appellees Cuyahoga County Board of Revision and Cuyahoga County Auditor.

*Mr. Morton M. Stotter,* for appellee Great Northern Partnership.

*Per Curiam.* This court has held that only complainants before the board of revision have standing to appeal a determination by that body to the Board of Tax Appeals.[1] *Bd. of Edn.* v. *Bd. of Revision* (1973), 34 Ohio St. 2d 231;[2] *Lindblom* v. *Bd. of Tax Appeals* (1949), 151 Ohio St. 250. The issue remains in the instant cause, however, as to whether appellants were properly denied the status of complainants by the board of revision.

In order to qualify as a complainant, one must file a complaint within the time limit imposed by R. C. 5715.19. R. C. 5715.19 provides in part:

"A complaint against *any* determination * * * any valuation or assessment that appears upon the tax duplicate * * * *shall be filed on or before the twentieth day of December, or on or before*

---

[1] Appellants contend that the Board of Tax Appeals acted improperly in dismissing their appeal without a hearing on the matter. The Board of Tax Appeals, however, may on its own motion dismiss an appeal when it is clear that the appealing party has no standing and thus the board has no jurisdiction to entertain the appeal. See, *e.g., American Culvert-Fabricating Co.* v. *Glander* (1952), 158 Ohio St. 351.

[2] Paragraph two of the syllabus in *Bd. of Edn.* v. *Bd. of Revision, supra,* specifically held:

"A board of education which was not a complainant before the board of revision is not authorized to appeal to the Board of Tax Appeals from the decision of the board of revision."

*the time limited for payment of taxes or recoupment charges for the first half year\*\*\*.*" (Emphasis added.)

We held this statute to be jurisdictional in *Stanjim Co.* v. *Bd. of Revision* (1974), 38 Ohio St. 2d 233, at page 235, certiorari denied 419 U.S. 1109, where it was stated "\*\*\*that full compliance with R. C. 5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim." Accord *Griffith* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 225. The issue of determining proper parties before the board of revision was even more squarely addressed in *May Dept. Stores* v. *Bd. of Revision* (1977), 49 Ohio St. 2d 183. In that case it was stated, at page 188, that:

"It is our determination that May Company's application of February 18, 1975, fails to meet the standards of R. C. 5715.13 and 5715.19, and that under *Stanjim,* the company never became a party to the board of revision proceeding."

If it is believed that a parcel is incorrectly assessed, there is ample opportunity for an authorized governmental body to file a timely increase complaint with the board of revision. Despite this, appellants contend that they have a right to intervene as a party, analogous to that right provided by Civ. R. 24(A)(2). Such intervention, however, would nullify the statutory requirements of R. C. 5715.19. There simply is no procedure in the statutory scheme for the type of cross-appeal of a valuation or assessment that the appellants desire and it is not within the province of this court to create one by judicial legislation.[3]

Accordingly, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

[3] A claim is raised that appellants were deprived their constitutional right to due process by not being allowed to intervene. Due process is not denied, however, when a person or entity is excluded as a party from a proceeding solely because of a failure to comply with statutes governing procedural requirements. Further, appellants' arguments that they were denied their authority to tax because they were not permitted to intervene in these board of revision proceedings are groundless and without authoritative support. Appellants have adequate means to protect their taxing interests within the statutory framework.