Dinner Bell Meats, Inc., et al., Appellees; Cleveland
Board of Education, Appellant, *v.* Cuyahoga County
Board of Revision et al., Appellees.

(No. 81-904—Decided May 26, 1982.)

*Hadley, Matia, Mills & MacLean Co., L.P.A., Mr. Albert P. Hadley, Mr. Babcock MacLean* and *Mr. Martin R. Hoke,* for appellee Dinner Bell Meats, Inc., et al.

*Messrs. Kelly, McCann & Livingstone, Mr. Michael L. Gordon, Mr. Timothy J. Armstrong* and *Mr. William Mitchell, Jr.,* for appellant.

*Per Curiam.* The issue presented herein is whether the school board is entitled to appear before the Board of Tax Appeals in opposition to Dinner Bell's appeal, notwithstanding the fact that it did not appeal from the adverse decision of the board of revision.[4]

We have held that "[t]here is no right of appeal from decision of a statutory board or a judgment of a legally constituted court except as provided by statute." *Lindblom* v. *Bd. of Tax*

---

[4] Since the date of the decision of the Board of Tax Appeals herein, the General Assembly has amended R. C. 5715.19(B) to provide that "[u]pon the filing of the complaint under this division, the board of education or the property owner shall be made a party to the action." (Am. Sub. S. B. No. 6, effective August 27, 1981.) It is clear, therefore, that after the effective date of the amendment, the entity which elects not to file an appeal from the board of revision will, nevertheless, be an appellee before the Board of Tax Appeals.

*Appeals* (1949), 151 Ohio St. 250, paragraph two of the syllabus. Similarly, "[t]his court has consistently held that strict compliance with the statutory requirements with respect to appeal provided for in Chapter 5717, Revised Code, is required." *Lawson Milk Co.* v. *Bowers* (1961), 171 Ohio St. 418, 419. It is equally apparent that, as in appeals from decisions of the Board of Tax Appeals, there is no statutory provision for a notice of cross-appeal from a decision of the board of revision. See, *e.g., Goldman* v. *Harrison* (1951), 156 Ohio St. 403, 404.

In *Bd. of Edn.* v. *Bd. of Revision* (1973), 34 Ohio St. 2d 231, 233, we held that "R. C. 5717.01 is the sole statute conferring jurisdiction upon the Board of Tax Appeals to hear and determine appeals from decisions rendered by a board of revision." In part, such section, at the time the instant action arose, provided that "[a]n appeal from a decision of a county board of revision may be taken to the board of tax appeals * * * by the county auditor, the tax commissioner, or any person or public official authorized by section 5715.19 of the Revised Code to file complaints against valuations or assessments with the auditor." Clearly, the school board, as a complainant before the board of revision, could lawfully have filed an appeal in the Board of Tax Appeals. *May Dept. Stores* v. *Bd. of Revision* (1977), 49 Ohio St. 2d 183; and *Bd. of Edn.* v. *Bd. of Revision, supra.* The question raised by this appeal is what, if any, consequences flow from the school board's failure to file a notice of appeal?

The Board of Tax Appeals correctly stated that "[o]ne who files a complaint with a Board of Revision is not automatically a party in an appeal before the Board of Tax Appeals." Moreover, as indicated by the Board of Tax Appeals, "[t]he Board of Education knows how to protect its interests as they relate to real property assessments."

The school board argues that, under the rationale employed by the Board of Tax Appeals, the instant proceedings would become *ex parte.* This argument ignores both the presence of the board of revision and county auditor, see *American Steel & Wire Co.* v. *Bd. of Revision* (1942), 139 Ohio St. 388, and the fact that the prosecuting attorney is required to advise and represent these entities. R. C. 5715.44. Implicit in the school board's argument is the contention that the pros-

ecuting attorney will not adequately perform his duties with respect to the instant cause. We reject this implied contention as both unfounded and unsupportable.

Moreover, it is clear that the General Assembly is cognizant of the distinction between an appellee and an appellant. For example, R. C. 5717.05 provides that, as an alternative to an appeal to the Board of Tax Appeals, an appeal may be taken to the Court of Common Pleas. If appeal is taken to the Court of Common Pleas, R. C. 5717.05 specifically provides that all parties before the board of revision, other than the appellant, "shall be made appellees." By failing to include a similar provision in R. C. 5717.01 it is clear that the intent of the General Assembly was not to afford similar status to nonappealing complainants in the Board of Tax Appeals.

For the foregoing reasons, the decision of the Board of Tax Appeals is hereby affirmed.

*Decision affirmed.*

W. BROWN, Acting C. J., REILLY, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

REILLY, J., of the Tenth Appellate District, sitting for CELEBREZZE, C. J.