LORAIN EDUCATION ASSOCIATION, APPELLANT, *v.* LORAIN CITY SCHOOL DISTRICT BOARD OF EDUCATION ET AL., APPELLEES.

(No. 4188—Decided August 26, 1987.)

*Ronald G. Macala* and *Janice K. Henderson,* for appellant.

*Michael J. Loughman,* for appellee Lorain City Bd. of Edn.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Eleanor J. Tschugunov,* for appellee SERB.

MAHONEY, J. Lorain Education Association (the "association") challenges an order of the Lorain County Court of Common Pleas dismissing the association's administrative appeal pursuant to R.C. Chapter 4117. We affirm.

### Facts

The procedural facts of this matter are essentially undisputed. The association filed a charge with the State Employment Relations Board ("SERB") in September 1985. The basis of this charge was that the Lorain City School District Board of Education (the "board") had committed unfair labor practices against various teachers due to their membership in the association. SERB initiated an investigation of the charge and in September 1986 determined that no probable cause existed to believe that the alleged violations had occurred. Consequently, SERB declined to issue a complaint against the board and terminated the proceedings.

The association subsequently filed a notice of appeal with the Lorain County Court of Common Pleas, citing R.C. Chapters 4117 and 119. On October 10, 1986, a transcript of the investigatory materials relied upon by SERB in reaching its determination was filed with the trial court. On December 15, 1986, SERB filed a motion to dismiss the administrative appeal. After receiving a memorandum in opposition to SERB's motion from the association, the trial court determined that the association had no statutory right of appeal and dismissed the cause.

On appeal, the association makes three assignments of error. We will address the second assignment of error first.

### Assignment of Error 2

"The trial court committed reversible error in granting a motion to dismiss of appellee Lorain City School District Board of Education as no such motion was before the trial court."

In its order dismissing the appeal, the trial court stated that "Lorain City School District Board of Education's Motion to Dismiss is granted." The record reveals that the only party that had filed a motion to dismiss was SERB. However, we find no reversible error by the trial court regarding this obvious misnomer.

The trial court's decision to dismiss the appeal was based upon its

finding that the association had no statutory right to appeal SERB's finding of no probable cause. This goes to the subject matter jurisdiction of the trial court. Assuming *arguendo* that the trial court correctly determined that it lacked subject matter jurisdiction, the trial court could have dismissed the association's appeal *sua sponte.* Civ. R. 12(H)(3); *Fox* v. *Eaton Corp.* (1976), 48 Ohio St. 2d 236, 238, 2 O.O. 3d 408, 409, 358 N.E. 2d 536, 537.

## Assignment of Error 1

"The court of common pleas erred in dismissing appellant's appeal on the ground that the court lacked jurisdiction."

In this assignment of error, the association contends that the trial court erred in holding that the association had no right to appeal SERB's determination that no probable cause existed to believe that the unfair labor practices alleged had actually occurred.

It is well-settled Ohio administrative law that an aggrieved party has no right to appeal from the decision of a statutory board, except as provided by statute. *Lindblom* v. *Bd. of Tax Appeals* (1949), 151 Ohio St. 250, 39 O.O. 66, 85 N.E. 2d 376, paragraph two of the syllabus; *Cleveland Bd. of Edn.* v. *Cuyahoga Cty. Bd. of Revision* (1973), 34 Ohio St. 2d 231, 233, 63 O.O. 2d 380, 381, 298 N.E. 2d 125, 126. The association contends that authority for the appeal in controversy is found in R.C. 4117.13(D). This statute provides in pertinent part:

"Any person aggrieved by any final order of the board granting or denying, in whole or in part, the relief sought may appeal to the court of common pleas of any county where the unfair labor practice in question was alleged to have been engaged in, or where the person resides or transacts business, by filing in the court a notice of appeal setting forth the order appealed from and the grounds of appeal. The court shall cause a copy of the notice to be served forthwith upon the board. Within ten days after the court receives a notice of appeal, the board shall file in the court a transcript of the entire record in the proceeding, certified by the board, including the pleading and evidence upon which the order appealed from was entered."

In the case *sub judice,* the dispositive question is whether SERB's finding of no probable cause is a "final order" within the purview of R.C. 4117.13(D). R.C. Chapter 4117 does not contain a definition of "final order." Nothing in the Act specifically provides that a decision by SERB not to issue a complaint is appealable to a common pleas court. It is noteworthy that the legislature has specifically provided for appeals from such decisions in the context of civil rights investigations. See R.C. 4112.06(A).

R.C. Chapter 4117 reposes SERB with broad powers, some of which certainly are not subject to challenge by a direct appeal to a common pleas court. For example, SERB has the duty to determine "the unit appropriate for the purposes of collective bargaining." R.C. 4117.06(A). While a party may arguably bring an action in mandamus to compel SERB to fulfill its statutory duty in this regard, SERB's actual determination of the appropriate collective bargaining unit is conclusive and not subject to judicial review. *Id.; State, ex rel. Dayton Fraternal Order of Police Lodge No. 44,* v. *State Emp. Relations Bd.* (1986), 22 Ohio St. 3d 1, 7-8, 22 OBR 1, 6-7, 488 N.E. 2d 181, 186-187.

The association contends that the definition of "final order" contained in R.C. 2505.02 is applicable to R.C. 4117.13(D). One Ohio appellate court appears to have adopted this position. See *Communications Workers of*

*America/Council of Public Workers* v. *State Emp. Relations Bd.* (Mar. 31, 1987), Jefferson App. No. 86-J-5, unreported, appeal dismissed (1988), 38 Ohio St. 3d 602, 528 N.E. 2d 566.[1] Considering the provisions of R.C. Chapter 4117 *in pari materia,* we do not agree.

We do acknowledge that SERB's finding of no probable cause effectively terminated the action and prevented a judgment. However, that does not necessarily mean that the legislature intended for such decisions to be subject to judicial review.

The investigatory function of SERB is similar to that of the General Counsel to the National Labor Relations Board ("NLRB"). Although the General Counsel delegates the initial determination of probable cause to various regional directors, the General Counsel has broad discretion in making the final determination of whether a complaint should issue. See Section 153(d), Title 29, U.S. Code; Section 102.19, Title 29, C.F.R. The position of the General Counsel is similar to that of a United States Attorney in determining whether a criminal charge should be issued and his determination in this regard is not subject to judicial review. *Retail, Wholesale & Dept. Store Union, AFL-CIO, Local 310* v. *Natl. Labor Relations Bd.* (C.A. 6, 1984), 745 F. 2d 358, 362.

We recognize that the Ohio Legislature chose not to adopt the federal system of separating the prosecutorial and judicial functions in unfair labor practice adjudications. See O'Reilly, Ohio Public Employee Collective Bargaining (1984) 11, 12, Section 2.01. Unlike the NLRB, SERB decides both which charges to issue complaints upon and which complaints have merit. *Id.* at 11; R.C. 4117.12. However, we find that SERB's investigatory function is quite similar to that of the General Counsel to the NLRB.

Similar to the General Counsel, SERB may delegate its investigatory duties to "designated agents." R.C. 4117.12(B). Like the General Counsel, SERB determines which charges are supported by probable cause and warrant the issuance of a complaint. *Id.* It is also noteworthy that an aggrieved party may attempt to convince SERB to modify or set aside a decision, presumably including a finding of no probable cause. R.C. 4117.12(D).

When an appeal of a "final order" by SERB has been filed in a court of common pleas, SERB must certify and transmit a record, "including the pleadings and evidence upon which the order was entered * * *." R.C. 4117.13(A). However, there will be no "pleadings" until SERB has found probable cause to exist. A party desiring to adduce additional evidence on appeal must satisfy the court that "there exist reasonable grounds for the failure to adduce the evidence *in the hearing* before the board, its

---

[1] In *Communications Workers of America/Council of Public Workers* v. *State Emp. Relations Bd., supra,* a public employee union filed an unfair labor practice charge with SERB, alleging that the Jefferson County Welfare Department had distributed anti-union literature prior to a representation election. After conducting an investigation, SERB determined that the charge had become moot because the union had prevailed in the election. SERB made no finding regarding probable cause.

Consequently, the Jefferson County Court of Appeals found that SERB had failed to fulfill its statutory duty. In so holding, the court also found that SERB's order was appealable under R.C. 4117.13(D). Assuming *arguendo* that SERB did fail to fulfill its statutory duty, we would find mandamus to be the sole appropriate remedy. See *State, ex rel. Dayton Fraternal Order of Police Lodge No. 44,* v. *State Emp. Relations Bd., supra,* 22 Ohio St. 3d at 7-8, 22 OBR at 6-7, 488 N.E. 2d at 186-187.

member or agent * * *." (Emphasis added.) R.C. 4117.13(B). However, SERB is not required to conduct a hearing until probable cause has been established and a complaint issued. R.C. 4117.12(B)(1).

In light of these statutory provisions and the absence of any provisions indicating otherwise, we find that the legislature did not intend for SERB's decisions not to issue complaints, based upon a lack of probable cause, to be subject to judicial review.

The association contends that Ohio should adopt the rule established in the Pennsylvania case of *Pa. Social Serv. Local 668* v. *Pa. Labor Relations Bd.* (1978), 481 Pa. 81, 392 A. 2d 256. In *Pa. Social Serv. Local 668,* the Pennsylvania Supreme Court held that although a decision by the Pennsylvania Labor Relations Board not to issue a complaint was discretionary, such a decision was subject to judicial review. *Id.* at 85-88, 392 A. 2d at 258-259.

We recognize that the Ohio Legislature referred to both the Pennsylvania and federal models in drafting R.C. Chapter 4117. *O'Reilly, supra,* at 11. We also recognize that R.C. 4117.13(D) was similar to its Pennsylvania counterpart, Section 1101.1502, Title 43, Purdon's Pa. Stat. Ann. (Supp.) (repealed eff. June 27, 1978). However, the Supreme Court of Pennsylvania did not rely upon Section 1101.1502 in reaching its conclusion. After reviewing Section 1101.1502, the court determined that the statute was ambiguous as to whether an aggrieved party could appeal a labor board decision not to issue a complaint. *Pa. Social Serv. Local 668, supra,* 481 Pa. at 86, 392 A. 2d at 258. In this regard, the court stated that if Section 1101.1502 were "read in a vacuum," one could plausibly conclude that the legislature had not intended for labor board decisions not to issue complaints

to be subject to judicial review. *Id.* at 87, 392 A. 2d at 258-259.

Having made that determination, the court referred to Pennsylvania's Administrative Agency Law, Section 1710.47, Title 71, Pa. Stat. (repealed eff. June 27, 1978), which provided:

"* * * 'Where an Act of Assembly expressly provides that there shall be no appeal from an adjudication of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review, or where the applicable acts of assembly are silent on the question of judicial review, any person aggrieved by such an adjudication, who has a direct interest in such adjudication may nevertheless appeal the same in the manner provided by sections 41 through 44 of this act * * *' * * *." (Emphasis deleted; footnote omitted.) *Id.* at 87, 392 A. 2d at 259.

The court then determined that the labor board's decision not to issue a complaint was an "adjudication" under Section 1710.47 and, consequently, subject to judicial review. While we do not criticize the Pennsylvania Supreme Court's reasoning in *Pa. Social Serv. Local 668,* we find that a similar examination of Ohio law mandates a different result.

Administrative appeals in Ohio are governed generally by the Ohio Administrative Procedure Act, R.C. 119.01 *et seq.* ("Act"). The Act contains no provisions that parallel those contained in Section 1710.47. R.C. 119.12 governs appeals of administrative decisions and provides in pertinent part:

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals from orders of the fire marshal, issued under Chapter 3737. of the Revised Code may be to the court of common

pleas of the county in which the building of the aggrieved person is located."

Assuming *arguendo* that SERB is an "agency" under R.C. 119.01(A), R.C. 119.01(D) defines "adjudication" as:

"* * * the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature."

It is noteworthy that the association did not initiate the appeal *sub judice* in the Court of Common Pleas of Franklin County. Assuming *arguendo* that it had, we find that the Act does not contemplate or authorize appeals of the subject matter here in controversy. R.C. 119.06 provides in pertinent part:

"No adjudication order of an agency shall be valid unless the agency is specifically authorized by law to make such order.

"No adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13 of the Revised Code. Such opportunity for a hearing shall be given before making the adjudication order except in those situations where this section provides otherwise.

"The following adjudication orders shall be effective without a hearing:

"(A) Orders revoking a license in cases where an agency is required by statute to revoke a license pursuant to the judgment of a court;

"(B) Orders suspending a license where a statute specifically permits the suspension of a license without a hearing;

"(C) Orders or decisions of an authority within an agency if the rules of the agency or the statutes pertaining to such agency specifically give a right of appeal to a higher authority within such agency, to another agency, or to the board of tax appeals, and also give the appellant a right to a hearing on such appeal."

Thus if SERB's finding of no probable cause is considered a "final order" made pursuant to an "adjudication," it is invalid because it was made without a prior hearing being held. However, R.C. 4117.12(B) does not require that a hearing be held *until* probable cause is found and a complaint issued. When confronted with a similar dilemma in the context of prevailing wage litigation, R.C. 4115.10, the Ohio Supreme Court has held that decisions made pursuant to statutory investigations without a hearing are not "adjudication orders." See *State, ex rel. Harris,* v. *Williams* (1985), 18 Ohio St. 3d 198, 201-202, 18 OBR 263, 266, 480 N.E. 2d 471, 473-474.

Since a finding of no probable cause made pursuant to an investigation by SERB is not an adjudication order under R.C. 119.01(D), the association has no right to appeal pursuant to R.C. 119.12.

Neither R.C. 4117.13(D) nor R.C. 119.12 grants the association the right to appeal SERB's determination that no probable cause existed to support the association's charges against the board. Consequently, the trial court correctly determined that it lacked subject matter jurisdiction to hear the appeal. *Lindblom* v. *Bd. of Tax Appeals, supra.*

In its final assignment of error, the association contends:

Assignment of Error 3

"The trial court committed rever-

sible error in dismissing the action based upon the fact that a certified record was not filed with the court."

After concluding that the association had no statutory authority to appeal SERB's finding of no probable cause, the trial court stated the following in its entry dismissing the appeal:

"Even assuming this could be an appealable order, then to appeal in accordance with O.R.C. 4117.13, there must be a certified record presented to the Court. No such record exists."

On October 10, 1986, a transcript of the evidence relied upon by SERB was filed with the trial court, along with a letter stating that all of the documents were either "originals or true and accurate copies thereof." This letter was signed by the Executive Director of SERB, Jacqueline F. Davis. Assuming *arguendo* that Davis somehow failed to properly certify the record, this should not be grounds for dismissing the association's appeal.

SERB is under a mandatory duty to transmit a transcript of the entire record to a common pleas court for the purpose of appeal. R.C. 4117.13(D). An appeal brought by a party, other than SERB itself, should not be dismissed due to SERB's own failure to comply with the statute.

However, in light of our disposition of assignment of error number one, we find that the association suffered no prejudice as a result of the trial court's error concerning the record.

### Summary

All of the association's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.