**BUCKEYE BOXES, INC., Columbus Cello–Poly Corporation, Appellee,**

**v.**

**FRANKLIN COUNTY BOARD OF REVISION et al., Appellees;**
**Hilliard School District Board of Education, Appellant.**

[Cite as *Buckeye Boxes, Inc., Columbus Cello–Poly Corp. v. Franklin Cty. Bd. of Revision* (1992), 78 Ohio App.3d 634.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–893.

Decided March 12, 1992.

*Stephen Swaim,* for appellee Buckeye Boxes, Inc.

*Michael Miller,* Prosecuting Attorney, and *James Gorry,* Assistant Prosecuting Attorney, for appellees Franklin County Board of Revision and Franklin County Auditor.

*Teaford, Rich, Coffman & Wheeler* and *Jeffrey A. Rich,* for appellant.

PETREE, Judge.

Appellant, Board of Education of the City of Hilliard School District, appeals from the decision of the Board of Tax Appeals denying its motion to intervene in an appeal taken by appellee, Buckeye Boxes, Inc., Columbus Cello–Poly Corporation, from the decision of the Franklin County Board of Revision. Relying on *N. Olmsted v. Cuyahoga Cty. Bd. of Revision* (1980), 62 Ohio St.2d 218, 16 O.O.3d 249, 404 N.E.2d 757, the Board of Tax Appeals ruled that appellant had no standing to appeal or intervene in the appeal because it did not file a complaint with the board of revision regarding the subject property. Because we find that appellant was improperly deprived of its right to file a complaint with the board of revision under R.C. 5715.19(B), we reverse the decision of the Board of Tax Appeals and order that appellant be made a party to the appeal before the board.

Buckeye Boxes is the owner of two parcels of real property located within the appellant district. On March 30, 1990, Buckeye Boxes filed a complaint with the board of revision seeking a reduction in the assessed value of the properties for the 1989 tax year. As the complaint sought a total decrease in taxable value of only $20, the auditor did not give appellant notice that the complaint had been filed. See R.C. 5715.19(B). At the board of revision hearing held on August 2, 1990, Buckeye Boxes asked to amend its complaint with regard to one of the two subject properties. As to this property, Buckeye Boxes now sought a reduction in assessed value of $42,660. The motion to amend the complaint was granted, but appellant was not given notice that the complaint had been amended to seek a reduction in assessed value greater than $17,500.

On September 13, 1990, the board of revision issued a decision in which it refused to grant any reduction in the assessed value of the properties. Within thirty days thereafter, Buckeye Boxes filed a notice of appeal with the Board of Tax Appeals. In the notice of appeal, Buckeye Boxes sought a total reduction in assessed value of $41,610. Because appellant had not filed a complaint objecting to the alleged overvaluation of the subject property, it was not made a party to the action or the appeal before the board of revision. Appellant then filed the motion to intervene which is the subject of this appeal. In that motion, appellant asserted that it had a right to be made a party to the appeal under R.C. 5715.19(B). In a decision issued on August 9, 1991, the Board of Tax Appeals denied appellant's motion. The Board of Tax Appeals ruled that appellant was not entitled to notice of Buckeye Boxes' complaint under the statute and that because it was not a complainant before the board of revision, it had no standing to appeal or intervene in an appeal before the Board of Tax Appeals. From this decision, appellant filed this timely appeal, asserting a single assignment of error:

"The Board of Tax Appeals erred in denying the motion of the Hilliard School District to intervene in this action."

It is well established that only complainants before the board of revision have standing to take an appeal to the Board of Tax Appeals. *N. Olmsted, supra; Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1973), 34 Ohio St.2d 231, 63 O.O.2d 380, 298 N.E.2d 125; *Lindbloom v. Bd. of Tax Appeals* (1949), 151 Ohio St. 250, 39 O.O. 66, 85 N.E.2d 376. Once such an appeal has been filed, any school board which has filed a complaint before the board of revision will automatically be made a party to the appeal. R.C. 5715.19(B); *Dinner Bell Meats, Inc. v. Cuyahoga Cty. Bd. of Revision* (1982), 70 Ohio St.2d 103, 104, 24 O.O.3d 185, 186, 435 N.E.2d 412, 413, fn. 4. In this case, appellant maintains that it was wrongfully deprived of its statutory right to become a complainant when the auditor failed to give notice that Buckeye Boxes had amended its complaint to seek a reduction in valuation of more than $17,500.

R.C. 5715.19(B) provides that:

"Within thirty days after the last date such complaints may be filed, the auditor shall give notice of each complaint in which the stated amount of overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination is at least seventeen thousand five hundred dollars to each property owner whose property is the subject of the complaint, if the complaint was not filed by such owner, and to each board of education whose school district may be affected by the complaint. Within thirty days after receiving such notice, a board of education or a property owner may file a

complaint in support of or objecting to the amount of alleged overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination stated in a previously filed complaint or objecting to the current valuation. Upon the filing of a complaint under this division, the board of education or the property owner shall be made a party to the action."

Under this section, the local board of education is entitled to notice of every complaint regarding property within its district in which the requested change in valuation exceeds $17,500. Within thirty days after receiving this notice, the school board has the right to intervene in the action by filing a complaint in support of or objecting to the requested change in valuation. Because the original complaint filed by Buckeye Boxes sought a total change in assessed value of only $20, the Franklin County Auditor was not required to give appellant notice of this complaint. The first issue presented in this appeal is whether the auditor must also give notice of every complaint which is subsequently amended to seek a change in valuation greater than $17,500.

R.C. 5715.19 makes no provision for the amendment of complaints filed with the county boards of revision. Although the Tax Commissioner is empowered to promulgate rules on this subject pursuant to R.C. 5715.29, no such rules have been issued. Nevertheless, there is no reason to prohibit the amendment of complaints filed under R.C. 5715.19, so long as a concomitant notice is given to each affected property owner or school board should the valuation amount become $17,500 after the amendment is allowed. Complaints filed with the board of revision have apparently been amended in the past and a policy of liberal amendment would further the board of revision's statutory duty to investigate, review and correct the valuation and assessment of real property.[1] Administrative procedure is often both informal and, to some extent, unwritten. Accordingly, reviewing courts will generally defer to an administrative agency's rulings on questions of practice and procedure before the agency. Though broad, this deference is by no means unlimited. An administrative agency's procedural rulings in an adjudication are subject to review where there is a clear abuse of discretion or where the ruling conflicts with the applicable statutes governing the agency.

---

1. The Cuyahoga County Court of Appeals has inferentially recognized a right to amend complaints filed in the board of revision by holding that complainants which fail to meet the jurisdictional requirements of the statute may not amend their complaint after the statute of limitations has run. *E.g., Ratner v. Cuyahoga Cty. Bd. of Revision* (Nov. 15, 1984), Cuyahoga County App. No. 47991, unreported, 1984 WL 3586. Furthermore, decisions and orders issued by the Board of Tax Appeals sometimes make reference to the amendment of complaints at the board of revision. *E.g., Meadow Wood Assoc. v. Lucas Cty. Bd. of Revision* (June 8, 1990), BTA No. 90-C-71.

No party suggests that the board of revision abused its discretion by allowing the amendment of Buckeye Boxes' complaint. However, such an amendment must not be allowed to subvert the statutory requirements applicable to complaints filed with the board of revision. R.C. 5715.19(B) provides, in pertinent part, that " * * * the auditor shall give notice of each complaint in which the stated amount of overvaluation * * * is at least seventeen thousand five hundred dollars * * * to each board of education whose school district may be affected by the complaint. * * * " As the Ohio Supreme Court has observed, notice provisions such as this one provide a board of education with an opportunity to protect its interest in the affected property. *Cleveland Bd. of Edn., supra,* 34 Ohio St.2d at 235, 63 O.O.2d at 382, 298 N.E.2d at 127. It would be a strange and unjust result to allow a property owner to evade this provision and exclude the affected school board from the proceedings merely by filing an original complaint for a token amount which the property owner later amended to seek a much greater change in valuation.

When construing a statute, it is presumed that a just and reasonable result is intended. R.C. 1.47(C). If the amendment of complaints filed under R.C. 5715.19 is permitted, then the statute must be construed as requiring notice of both original and amended complaints which seek changes in valuation greater than $17,500. Upon receiving such notice, a school board has thirty days to intervene in the action by filing its own complaint with the board of revision.[2]

When Buckeye Boxes moved to amend its complaint at the board of revision hearing, the board of revision should have adjourned the hearing and given notice to appellant that a complaint alleging an overvaluation of greater than $17,500 had been filed. The board of revision's failure to give the required notice deprived appellant of its right to file a complaint and be made a party to the action. The question now before this court is whether this error may be corrected by allowing appellant to intervene in the appeal before the Board of Tax Appeals.

The Ohio Supreme Court has consistently held that school boards which fail to file complaints before the board of revision lack standing to participate in an appeal taken to the Board of Tax Appeals. *N. Olmsted, supra; Cleveland Bd. of Edn., supra.* In *N. Olmsted,* the court considered and rejected a

---

**2.** The right to file a complaint in response to a previously filed complaint under R.C. 5715.19(B) is independent from the right to file an original complaint under R.C. 5715.19(A). For this reason, the school board's right to file a complaint under R.C. 5715.19(B) is not subject to the limitation set forth in R.C. 5715.19(A)(1) which requires that original complaints be filed on or before the thirty-first day of March of the ensuing tax year.

school board's claim that it had a right to intervene as a party, analogous to the right provided by Civ.R. 24(A)(2). Observing that the school board had ample opportunity to file a timely complaint with the board of revision, the court held that permitting the school board to intervene would nullify the statutory requirements of R.C. 5715.19. Applying this same rule, we believe the facts of this case demand the opposite result.

In both *N. Olmsted* and *Cleveland Bd. of Edn.*, the school board received notice and had an opportunity to file a complaint with the board of revision. However, in this case the school board was not given the notice to which it was statutorily entitled and was thus deprived of its right to be made a party to the action. If this case was still pending before the board of revision, appellant would still have the right to file a complaint as it has not yet received notice of Buckeye Boxes' amended complaint. As this case is now pending before the Board of Tax Appeals, appellant has the right to intervene based upon its right to file a complaint before the board of revision. By contrast, the school board in *N. Olmsted* lost its right to file a complaint and intervene in the action thirty days after it was given notice of the property owner's complaint. Far from nullifying the provisions of R.C. 5715.19, intervention under these circumstances enforces the provisions of the statute by placing appellant in the position in which it would have been had the board of revision given notice of the amended complaint as required by R.C. 5715.19. For this reason, we hold that the Board of Tax Appeals acted unreasonably and unlawfully when it denied appellant's motion to intervene under the circumstances of this case.

Appellant's assignment of error is sustained and the judgment of the Board of Tax Appeals is reversed. The cause is remanded with instructions that appellant's motion to intervene in the appeal be granted.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG, P.J., and PEGGY BRYANT, J., concur.