Howie et al., Appellants, v. Stackhouse, Director, Appellee.

(No. 77AP-309—Decided July 28, 1977.)

Messrs. *Bavis & Bavis, Mr. Joseph R. Doelker* and *Mr. Patrick F. Timmins Jr.*, for appellants.

Mr. *William J. Brown*, attorney general, and *Mr. Charles J. Jones*, for appellee.

McCormac, J. Appellants were informed by letter from the Director of the Ohio Department of Agriculture that their jobs were abolished and that they were being laid off from classified civil service positions. Appeals were taken to the State Personnel Board of Review where the primary issue litigated was whether the appellants were laid off or whether their jobs were abolished. The Board issued an order holding that the appellants' jobs were abolished and that no prior certification for lack of work or funds was required in that case.

An appeal was taken to the Franklin County Common Pleas Court, pursuant to R. C. 119.12. The court held that the order was supported by reliable, probative and substantial evidence and was in accordance with law.

From the judgment of the trial court, appellants have appealed, setting forth the following assignments of error:

1. "The board's order committed error, prejudicial to the appellants' right, in finding that the action taken by the appellee was, in fact, a job abolishment which did not

require a prior certification. Because the department's action was, in fact, a layoff which, by law and regulations, required a prior certification as to lack of work or lack of funds, without said certification, any purported layoff of these appellants is void and totally defective.''

2. ''Assuming arguendo that appellants' separation from public service was a job abolishment and not a layoff, the procedural requirements of PL-31 relative to a layoff must be met to effect a valid job abolishment. Because appellee failed to meet these procedural requirements, the alleged job abolishment is procedurally defective and hence void.''

3. ''Only the appointing authority, John M. Stackhouse, Director of Ohio Department of Agriculture, has the power to execute the layoff of appellants as classified civil service employees in the Ohio Department of Agriculture. Because Director Stackhouse did not personally exercise this power, the attempted layoffs are procedurally defective and hence void.''

4. ''Even if this court should find the State Personnel Board of Review correctly characterized this separation action as a job abolishment, the board, by its resolution of this matter, without a proper hearing of appellants' case, has effectively denied appellants' right to appeal their separation to the board on the merits pursuant to R. C. 124.03(A).''

Appellants were employees of the Ohio Department of Agriculture working in the division of meat inspection. They were notified that, due to a reorganization of the meat inspection program, on both state and federal levels, to effect economy of operation and to eliminate wasted manpower in unneeded positions, their jobs were abolished because of the necessity to reduce the total number of employees in the division of meat inspection. No certification was obtained from the Ohio Department of Administrative Services of lack of work, it being the position of appellee that such certification is not required when a job is abolished, but only when there has been a layoff. Appellants contend that the employees were laid off rather than

having their jobs abolished, since the letters which they received referred to their being laid off and to rights of laid-off employees, and, alternatively, that the certification of lack of work is required prior to layoff even if the layoff was by reason of job abolishment. There was no evidence refuting the fact that the employees were laid off as a result of the reorganization of the meat inspection program, or that the action of the Director of the Ohio Department of Agriculture was not done in good faith.

The first issue is whether there is reliable, substantial and probative evidence to support the Board's finding that the jobs of appellants were abolished rather than appellants being laid off. We find that the evidence does support that finding. There is no statutory provision for abolishment of jobs. However, there is a fundamental difference between job abolishment and layoff. A job abolishment contemplates a permanent elimination of a particular position while a layoff contemplates the retention of the position being temporarily unfilled because of either a lack of work or a lack of funds. A job must be abolished in good faith and cannot be done as a subterfuge for eliminating a particular employee. See *State, ex rel. Click*, v. *Thormyer* (1958), 105 Ohio App. 479. There is no evidence in this case to indicate that the job abolishment was not accomplished in good faith, but, instead, the evidence is that jobs were abolished in the interest of efficiency and economy, valid governmental objectives too often ignored to the detriment of the taxpayer.

However, R. C. 124.32, enacted in 1973, grants civil service employees whose jobs are abolished the same rights as a laid-off employee so far as their rights of reinstatement or retention are concerned. The theory is that a position may be abolished, but the person is not abolished. That person's rights to retention of a position are superior to others with less status and retention points; similarly, the right to bump other employees or to be reinstated or recalled at an earlier date is based upon this point system. Consequently, an employee whose job is abolished becomes legally a laid-off person so far as future rights

are concerned just as if originally laid off. Thus, the fact that displaced employees are referred to as laid-off employees with the rights of laid-off employees in numerous places in communications from their employer to them is not controlling as to whether they were laid off rather than being displaced as a result of a job abolishment. The initial letter in the first paragraph clearly states that their jobs are being abolished.

Appellants' first assignment of error is overruled.

The second issue is whether the certification of the Director of Administrative Services or the Director of Budget and Management is required before a job can be abolished. We find that no such certification is required in the instance of a job abolishment.

R. C. 124.32(I) provides as follows:

"Whenever it is necessary to abolish a position layoff procedures shall be followed as defined in this section."

The layoff procedures set forth in R. C. 124.32 refer to the rights of a laid-off employee after the layoff is accomplished. The statute does not refer to procedures necessary to abolish a position.

R. C. 124.20 provides, as pertinent, as follows:

"The director of administrative services with the approval of the state personnel board of review, shall put into effect rules: * * *

"(B) For appointment, promotions, transfers, layoffs, suspensions, reductions, reinstatements, and removals therein and examinations and registrations therefor;* * *."

There is no specific provision for the adoption of rules in regard to job abolishments.

Pursuant to R. C. 124.20, the Department of Administrative Services has adopted rules concerning layoff procedures, including the following rule:

"5. *Layoff Procedures.*

"(A) Because a layoff occurs for one or both of two reasons, lack of work and lack of funds, an agency may proceed with layoff only after the lack of work or funds necessitating the layoff has been certified by the Director of Administrative Services or the Director of Budget and

Management respectively. In county welfare departments, the lack of work or funds must be certified by the Department of Public Welfare; and in other county agencies, the lack of work or funds will be certified by the individual agency. No layoff actions can be processed by the Division of Personnel until the proper certification is acquired."

Appellants argue that the certification set forth in the aforesaid rule is applicable before a job can be abolished, since an employee whose job has been abolished has all of the rights of a laid-off employee. That argument is not supported by the law. R. C. 124.20 does not refer to the establishment of rules concerning the abolishment of a job, nor does the rule established by the Department of Administrative Services refer to job abolishments but only to layoff procedures. There is an inherent difference in job abolishment and layoff, and we do not by implication find that the General Assembly has empowered the Department of Administrative Services to establish rules pertaining to job abolishments or that the rule established applies to job abolishments.

Appellants' second assignment of error is overruled.

Appellants' fourth assignment of error is that the Board of Review effectively denied appellants their rights of due process in that they were given no opportunity for a hearing before the Board to contest the validity of the separation actions on their individual merits.

The record does not support this contention.

R. C. 124.03(A) sets forth the Board's power to hear appeals, as pertinent, as follows:

"The state personnel board of review shall exercise the following powers and perform the following duties * * *:

"(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to new or different position classification; * * *."

Thus, the Board may hear appeals relating to either job abolishments or layoffs.

Prior to the presentation of the evidence before the Board, the attorney for appellants moved that the Board determine that appellants were laid off without the required certification of lack of work. While the Board did not specifically rule upon this motion prior to the commencement of the hearing, the chairman commented as follows:

"As I see it, we've got a factual situation here as to whether this is a layoff or a job abolishment."

The hearing then proceeded, and there is no doubt in reviewing the record that all parties were aware that any matters relating to the propriety of either a job abolishment or a layoff could be presented. Appellants had every opportunity to contest the issues of whether there was a valid job abolishment as well as the issue of whether the action of the director constituted a layoff or job abolishment. These was no effort to contest the good faith of the director in deciding to abolish the positions involved. Due process was accorded appellants.

Appellants' fourth assignment of error is overruled.

Appellants' third assignment of error is that Director Stackhouse did not personally sign the letter sent to appellants informing them that their jobs had been abolished, but that the letters contained the name of John M. Stackhouse, Director, with the initials "REZ" thereafter. These were stated to be the initials of assistant director Zimmerman, although the record does not contain that evidence.

Although the exhibits contain signatures as stated, appellants chose to litigate this matter based on whether the action of the director constituted a job abolishment or a layoff. There was no attempt to litigate the matter of whether someone else could sign the director's name to the letter nor is there any evidence other than the signatures on the letters that the job abolishments were not the act of the director.

This issue was not litigated before the Board of Review where there would have been an opportunity to present evidence as to whether the director had improperly delegated his authority to another, or whether someone else was merely exercising the authority given them to sign

the director's name but not to make the decision of the director, or whether the director was absent from the state, thus authorizing the assistant director to perform his duties. Since that issue was not tried before the Board, the job abolishments should be set aside only if the notice is inherently defective as a matter of law. We do not find that to be the case since here is no statutory requirement that the director personally sign the letters even if it is required that the act of ordering a job abolishment be that of the Director.

This case is distinguishable from the decision relied upon by appellants of *State, ex rel. Kendrick, v. Thormyer* (1958), 79 Ohio Law Abs. 200, in that it was stipulated in *Kendrick* that Director Thormyer had authorized one of his agents to sign his name to all matters pertaining to civil service, and that he had no personal knowledge of the removal of an employee, thus improperly delegating his discretion. Such improper delegation has not been shown in this case.

Appellants' third assignment of error is overruled.

Appellants' assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

HOLMES and SHOEMAKER, JJ., concur.

SHOEMAKER, J. of the Court of Common Pleas of Franklin County, sitting by designation in the Tenth Appellate District.