158

UNITED BROTHERHOOD OF TEAMSTERS, CHAUFFEURS,
WAREHOUSEMEN AND HELPERS, LOCAL UNION NO. 377,
ET AL., APPELLEES, *v.*
CITY OF YOUNGSTOWN ET AL., APPELLANTS.

(No. 79-1683—Decided December 23, 1980.)

*Green, Schiavoni, Murphy, Haines & Sgambati Co.,*
*L.P.A., Mr. Dennis Haines, Mr. Barry Laine* and *Mr. Eugene*
*Green,* for appellees.

*Mr. Edward N. Sobnosky,* director of law, and *Mr. Edwin*
*Romero,* for appellants.

HOLMES, J. The home rule provision of the Ohio Con-

stitution, Section 7 of Article XVIII, gives municipalities the right to adopt charters. It reads:

"Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of Section 3 of this article, exercise thereunder all powers of local self-government."[1]

Youngstown exercised its right and adopted a charter. Section 10 of that charter provides:

"Subject to the provisions of this Charter, Council shall fix by ordinance, the salary or compensation of all officers and employees of the City government***."

The right of a municipality to determine the compensation of its employees is, without question, a power of local self-government. *State, ex rel. Mullin,* v. *Mansfield* (1971), 26 Ohio St. 2d 129. However, it is argued that this right has been limited by the adoption of Section 52 of the Youngstown Charter. Section 52 reads:

"All of the provisions of the Revised Code of the State of Ohio relating to Municipal Civil Service are hereby adopted and made part of this Charter***."

In *Reed* v. *Youngstown* (1962), 173 Ohio St. 265, 266, this court stated:

"***By adopting and making the portion of the [Revised] Code relating to municipal civil service a part of the Youngstown charter, the people of Youngstown clearly expressed their intention to incorporate into and as a part of their charter all general statutes relating to municipal civil service."

Appellees argue that R. C. 124.40(A) relates to municipal civil service; therefore, by operation of Section 52 it is incorporated into Youngstown's charter. R. C. 124.40(A), in pertinent part, reads:

"***Such municipal civil service commission shall prescribe, amend, and enforce rules not inconsistent with this chapter for the classification of positions in the civil service of such city and city school district, and all the positions in the

---

[1] Section 3 of Article XVIII does not limit "the powers of local self-government." Rather, it limits the authority of municipalities to enact "local police, sanitary and other similar regulations" to those that "are not in conflict with general laws." *State, ex rel. Canada,* v. *Phillips* (1958), 168 Ohio St. 191.

city health district; for examinations and resignations therefor; for appointments, promotions, removals, transfers, layoffs, suspensions, reductions, and reinstatements therein; and for standardizing positions and maintaining efficiency therein. The municipal civil service commission shall exercise all other powers and perform all other duties with respect to the civil service of such city, city school district, and city health district, as prescribed in this chapter and conferred upon the director of administrative services and the state personnel board of review with respect to the civil service of the state; and all authority granted to the director and the board with respect to the service under their jurisdiction shall, except as otherwise provided by this chapter, be held to grant the same authority to the municipal civil service commission with respect to the service under its jurisdiction."

As this language reveals, a municipal civil service commission shall perform the same duties as the Director of Administrative Services. R. C. 124.14(A) states that the Director of Administrative Services "shall group jobs within a classification so that the positions are similar enough in duties and responsibilities***to have the same pay assigned with equity***." Appellees argue that, by virtue of R. C. 124.40(A), the Youngstown Civil Service Commission has a like duty to standardize wages, and this duty is incorporated into the Youngstown Charter by Section 52. Therefore, contend appellees, the finding by the commission of similarity between the positions in the Water and Street Departments mandates the assignment of equal pay.

The final thrust of appellees' argument is to the effect that since the power of city council to set compensation as set forth in Section 10 of the charter is, by its own grant, subject to other provisions of the charter, the civil service commission's power is predominant.

However, appellees' argument must be viewed and considered in light of R. C. 124.14(B). This section, in pertinent part, provides that:

"Divison (A) of this section and section 124.15 of the Revised Code shall not apply to the following persons, positions, offices and employments:

"* * *

"(4) Any position for which the authority to determine compensation is given by law to another individual or entity."

Applying the latter section, we conclude that the jobs under consideration here are positions "for which the authority to determine compensation is given by law to another individual or entity." Not only does city council have the authority to determine the wages of city employees under Section 10 of the charter, but it also has that authority as a power of local self-government under Section 3 of Article XVIII of the Ohio Constitution regardless of whether a charter has been adopted. See *State, ex rel. Mullin,* v. *Mansfield, supra; Benevolent Assn.* v. *Parma* (1980), 61 Ohio St. 2d 375; *Craig* v. *Youngstown* (1954), 162 Ohio St. 215.

Further support for the general proposition that the authority to set salaries for municipal employees is vested in city council is to be found in R. C. 731.08, which, in pertinent part, is as follows:

"Except as otherwise provided in Title VII of the Revised Code, the legislative authority of a city, by ordinance or resolution, shall determine the number of officers, clerks, and employees in each department of the city government, and shall fix, by ordinance or resolution, their respective salaries and compensation***."

Therefore, we hold that, by virtue of R. C. 124.14(B), the civil service commission herein did not have the authority to standardize the wages of city employees.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and DOWD, JJ., concur.