IN RE APPEAL OF MOREO.

(No. 8113—Decided October 14, 1983.)

*Mr. Victor A. Hodge,* for appellant Moreo.

*Mr. G. Jack Davis, Jr.,* for appellee city of Vandalia.

BROGAN, P.J. This appeal arises from the Montgomery County Court of Common Pleas' affirmance of the Vandalia City Civil Service Commission's dismissal of appellant's grievance.

Jean T. Moreo, appellant, is employed by the city of Vandalia in its classified service as a permanent part-time Engineering Technician. Moreo was initially appointed as a full-time, tenured civil service employee on February 21, 1980. In January 1981, her duties were modified to include clerical work as well as engineering drafting work. Despite her change in duties Moreo remained as a full-time employee within the same classification and pay grade.

In December 1981, the Vandalia City Council approved an ordinance creating the position of "permanent part-time employee" which provided for a work week of twenty hours or more but less than a regular work week. Under the ordinance employees designated as such are eligible to receive "prorated vacation time, sick leave and holiday compensation." Following the passage of this ordinance the city council decided for economic reasons to budget the classification of Engineering Technician for a maximum of twenty hours per week.

On December 14, 1981, Moreo received a memorandum from the city manager indicating that her work week was reduced to twenty hours effective January 1, 1982. The memo also informed her that she was no longer eligible to participate in the city's insurance programs and that her other benefits would likely be prorated. Final notice of her reduction to part-time status and prorated benefits was received on January 11, 1982. In order to accommodate the reduction Moreo was informed that the bulk of her clerical duties were reduced so that she could devote time to her drafting work.

On December 10, 1981, Moreo filed a grievance with the Vandalia City Council. Per letter dated February 2, 1982, Moreo was notified by the council that it was not the proper body to address her grievance. She was informed to file such matter with the civil service commission. On February 10, 1982, a notice of appeal was filed with the civil service commission contesting her change in status from full-time to part-time. It is Moreo's contention that she should be given a choice of either accepting the reduced hours or being laid off. Had she been treated as laid off she would have been afforded either "bumping rights" or reassignment rights to another full-time position as provided for in Rule 15.5 of the city's Code of Personnel Rules and Regulations.

It was the commission's position that Rule 15.5 did not apply to Moreo as she was not "laid off" as defined by that provision. The commission further ruled her reduction in hours was a valid exercise of self-government and dismissed the grievance for failure to establish any of the criteria in Section 16.2 of the Code of Personnel Rules and Regulations.

The decision of the commission was appealed to the Court of Common Pleas of Montgomery County pursuant to R.C. 2506.01 *et seq.* The court of common pleas

affirmed the commission and dismissed the grievance.

Moreo, appellant herein, appealed to this court setting forth the following two assignments of error:

I

"The court of common pleas erred in affirming the civil service commission's determination that the city of Vandalia validly changed appellant's status as a full-time civil service employee to that of a part-time employee with reduced benefits."

II

"The court of common pleas erred in affirming the civil service commission's dismissal of appellant's grievance."

Statutes relating to the civil service have for their primary purpose economy and efficiency in the public service. *State, ex rel. Stoer,* v. *Raschig* (1943), 141 Ohio St. 477 [26 O.O. 56]. Consequently, it has been established that the power to create a position in the civil service includes the power to abolish it, particularly where it is abolished for reasons of economy. *Id.; State, ex rel. Stine,* v. *McCaw* (1940), 137 Ohio St. 13 [17 O.O. 303]. As a reasonable corollary such power would include the authority to set the wages (see *Teamsters Local Union No. 377* v. *Youngstown* [1980], 64 Ohio St. 2d 158 [18 O.O.3d 379]; *State, ex rel. Mullin,* v. *Mansfield* [1971], 26 Ohio St. 2d 129 [55 O.O.2d 239]), benefits and hours of its employees. Such an exercise of authority by the city council is consistent with the concept of self-government.

Appellant concedes that the city council has the authority to reduce the hours in a position in the classified civil service. She further concedes that this authority was properly exercised in the present matter. Appellant maintains, however, that as a full-time, tenured, civil service employee she is entitled to certain rights as outlined by local law before she is compelled to accept the reduced hours. It is her contention that the city council abolished her full-time position, and, as such, she should be given the rights of a laid-off employee.

Prior to the city council's action in December 1981, the appellant enjoyed the benefits of working a forty-hour work week in the classification of Engineering Technician. In addition to receiving a full-time wage appellant enjoyed the benefits that came with the job. The effect of the council action was to abolish a full-time position and reduce the hours and benefits of one of its employees. In its place the classification of part-time Engineering Technician was created. The appellant's tenured position of full-time employee was no longer in existence. She was then appointed to a new part-time position with reduced pay and benefits.

This is not a mere reduction in pay and hours in the same position as appellee asserts. This matter is distinguishable from the case of *State, ex rel. Mullin,* v. *Mansfield, supra,* upon which appellee relies. In *Mullin* the city council of Mansfield, Ohio, by ordinance reduced the entire pay scale of the classified employees of the city police department for economic reasons. Each of the employees maintained his full-time status within the civil service. In the present matter the city council abolished the position of a full-time, classified employee. Appellant therefore lost that position and was given a new permanent part-time job.

The city of Vandalia provides no procedures addressing the rights of an employee whose position was abolished. Rule 15.5 provides for layoff rights; however, there is a fundamental difference between job abolishment and layoff. *Howie* v. *Stackhouse* (1977), 59 Ohio App. 2d 98 [13 O.O.3d 158]. The former contemplates a permanent elimination of a particular position while the latter contemplates retention of the position being temporarily unfilled due to either lack of work or lack of funds. *Id.* As discussed above the appellant's position was abolished. The remaining issue under

the first assignment of error is whether job abolishment should be treated similarly to a layoff for the purpose of determining the employee's rights after his position is no longer in existence.

R.C. Chapter 124 is the applicable provision addressing the civil service in the state of Ohio. Pursuant to R.C. 124.40 each city in the state is to establish a municipal civil service commission. This commission is empowered by this provision to:

"(A) * * * prescribe, amend, and enforce rules *not inconsistent with this chapter* [124] for the classification of positions in the civil service of such city * * *; for the examinations and resignations therefor; for appointments, promotions, removals, transfers, *layoffs*, suspensions, reductions, and reinstatements therein; and for standardizing positions and maintaining efficiency therein." (Emphasis added.)

Pursuant to this authority the city of Vandalia adopted a Code of Personnel Rules and Regulations applicable to their civil service employees. Included therein is Chapter XV entitled "Disciplinary Action and Separation Policy." This chapter addresses disciplinary action; resignations; and layoffs. The first two are clearly inapplicable to this matter. Rule 15.5 addresses layoffs and provides:

"LAYOFFS

"Whenever a City employee is temporarily separated from active service to the City through no fault of his own he shall be considered laid off.

"If such a layoff is due to an anticipated work force reduction for budgetary reasons or curtailment of work the City must give the affected employee notice of at least ten (10) working days or ten (10) days pay if notice cannot be given to such employees. In cases of emergency or natural disasters such notices and payments may be waived by the City Manager and other sources of compensation considered at his discretion.

However, no career status employee shall be separated from the City service while there are seasonal, temporary, or probationary employees serving in the same classification or performing similar duties for the City. The conditions for reduction in force layoff shall be as follows:

"a) Order of Separation. The City Manager shall prepare a list of classifications in order of priority for layoff. Preference for retention, within a job classification, shall be based upon length of service.

"b) Offer of Reassignment. An employee's appointment shall not be terminated as a result of a reduction in force before he has been made a reasonable offer of reassignment or transfer to a different position, classification, or department, if such opening is available.

"c) Laid-Off Employees on Layoff List. The names of career status employees who have been laid off shall be placed on the appropriate layoff list for re-employment."

Under this provision the appellant would not be considered laid off since her appointment to the part-time position prevented any temporary separation. Still this court concludes that as a matter of state law the city of Vandalia must implement this rule when a position is abolished for budgetary reasons. See *Howie* v. *Stackhouse, supra.*

R.C. 124.40 grants the city civil service commission the authority to make rules regarding layoffs that are not inconsistent with R.C. Chapter 124. Former R.C. 124.32(I) provided that "[w]henever it is necessary to abolish a position layoff procedures shall be followed * * *." In order to maintain consistency between Vandalia Rule 15.5 and R.C. Chapter 124, this court finds that the city must follow its layoff procedures whenever a position in the classified civil service is abolished.

This conclusion is also consistent with the overall purposes of the civil service laws. We are in no way inferring that a municipality may not reduce the wages,

hours or benefits of a classified civil service position when done so in the interest of economy. Consequently the primary purpose of economy and efficiency in the public service is no way impaired. Rather, it is the opinion of this court that a tenured, classified, civil servant has a vested interest in a continuing full-time position when one is available. The employee whose job has been abolished therefore has a right to another position as provided by law, where such a position exists.

Moreo was the only person in the classification of full-time engineering technician. Consequently there are no persons whom she may bump within her class. However, Subdivision (b) of Rule 15.5 provides for reassignment to a different position, classification or department where one is available. She should have been given the opportunity to determine whether such an opening existed. Alternatively she could elect to accept the part-time position or be placed on the layoff list as provided in Rule 15.5(c).

To conclude otherwise could conceivably result in the manipulative exercise of municipal legislative authority. If we were to permit a city council to reclassify civil servants from full-time to part-time with no procedural protections for reassignment, there would be nothing to prevent a city from making permanent part-time positions of one, three or five hours per week. This would likely result in the resignations of tenured employees who were forced to resign without cause. Such activity would be repugnant to the purpose of the civil service.

For the above-mentioned reasons this court concludes appellant's first assignment of error is well-taken.

Rule 16.2 of the city of Vandalia Code of Personnel Rules and Regulations provides:

"A grievance will be considered to exist when an unresolved problem, complaint, misunderstanding or disagreement exists between an employee and his supervisor. All grievances should be based on the justification that there exists a problem due to a(n)

"a) Lack of clearly defined City of [*sic*] Departmental policy.

"b) Policy that is unfair or discriminatory to an individual or to a specific group of employees.

"c) Deviation from established policy.

"d) Disagreement with a supervisor over the implimentation [*sic*] of a policy.

"e) Improper action of the department in the application of the rules and regulations of the City."

Having concluded that the city erred in not following its provision for layoffs it is clear the appellant had a legitimate grievance. Subdivisions (a), (b), (d) and (e) would appear as sufficient criteria for appellant's grievance. In particular, Subdivision (e) would be applicable as there existed an unresolved problem regarding the "[i]mproper action of the department in the application of the rules and regulations of the City."

The court of common pleas therefore erred in affirming the civil service commission's decision to dismiss the appellant's grievance. The appellant's second assignment of error is well-taken.

The judgment of the court of common pleas is hereby reversed and this cause is remanded for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

KERNS and WEBER, JJ., concur.