GRIFFITH ET AL., APPELLANTS, *v.*
DEPARTMENT OF YOUTH SERVICES,
APPELLEE.

(No. 85AP-488 — Decided
December 5, 1985.)

*Gurley, Rishel, Myers & Kopech* and *Marc E. Myers,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *William Scott Lavelle,* for appellee.

STRAUSBAUGH, J. Appellants, Jerry R. Griffith, Jr. and H. Michael Kline, appeal a decision of the Court of Common Pleas of Franklin County which concluded that an order of the State Personnel Board of Review, abolishing their positions with appellee, the Department of Youth Services, was supported by reliable, probative, and substantial evidence and was in accordance with law.

On January 4, 1984, both appellants received letters from the Director of Youth Services informing them that, pursuant to Ohio Adm. Code 123:1-5-08, their jobs had been abolished. Previously, appellants had been informed that their jobs were being changed from the classified to the unclassified service and both were given the option of being placed in the unclassified service and retaining their jobs. Both appellants refused to voluntarily surrender their status as classified employees.

Thereafter, appellants challenged the abolition of their jobs before a hearing officer of the State Personnel Board of Review ("board"), who recommended that the abolishments be affirmed. Subsequently, the board adopted this recommendation and affirmed the abolition of the appellants' jobs.

As noted above, the court of common pleas affirmed this decision, finding that there was reliable, probative, and substantial evidence to support the conclusion of the board.

Appellants assert the following two assignments of error:

"1. The court below erred to appellants' prejudice when it found that appellants' abolishments were in accordance with law, in that the Administrative Rule upon which the abolishments were predicated, O.A.C.

123:1-5-08 is, unlawful and void as it applies to the instant case.

"2. The court below erred to appellants' prejudice when it found that the order of the State Personnel Board of Review was supported by reliable, probative, and substantial evidence."

In the first assignment of error, appellants contend that the appellee could not abolish the appellants' classified positions and lay them off because appellee had no statutory power to abolish the positions.

Appellee counters that R.C. 5139.19 provides the statutory authority by which the appellants' positions were changed from classified to unclassified positions. Accordingly, Ohio Adm. Code 123:1-5-08 was only an administrative procedure used to accomplish a permissible objective. Ohio Adm. Code 123:1-5-08 provides that:

"Whenever a position is for any reason changed from the classified to the unclassified service, if the position is occupied by a classified employee, and if as a result of such change that employee is displaced, such employee shall be treated as if his position were abolished, and the layoff rules and regulations shall be followed as directed in Chapter 123:1-41 of these rules."

Appellee's position would be correct if R.C. 124.321(D) allowed this result. Indeed, appellee urges that Ohio Adm. Code 123:1-5-08 does not enlarge the scope of R.C. 124.321(D) but is rather entirely consistent with it. In this case, however, R.C. 124.321(D) cannot be construed to authorize the abolishment of the appellants' jobs.

R.C. 124.321(D), in pertinent part, provides:

"Employees may be laid off as a result of abolishment of positions. Abolishment means the permanent deletion of a position or positions from the organization or structure of an appointing authority due to lack of continued need for the position. An appointing authority may abolish positions as a result of a reorganization for the efficient operation of the appointing authority, for reasons of economy, or for lack of work. The determination of the need to abolish positions shall indicate the lack of continued need for positions within an appointing authority. * * *"

Clearly, R.C. 124.321(D) only contemplates the actual abolishment — the complete eradication — of a position. As noted in the case of *In re Appeal of Moreo* (1983), 13 Ohio App. 3d 22, paragraph one of the syllabus, job "abolishment" means a permanent elimination of a particular position. Here, the appellants' positions were *not* abolished. Rather, the positions remain and it was the appellants who were effectively terminated from those positions.

R.C. 124.321(D) does not allow a particular person to be fired or laid off from a position while leaving that position intact for another person to fill. Nothing in the statutory scheme allows this result.

In *Esselburne* v. *Ohio Dept. of Agriculture* (1985), 29 Ohio App. 3d 152, at 159, this court held that Ohio Adm. Code 123:1-5-08 could not be used to accomplish something which the statutory scheme does not allow. To the extent that this occurs, the administrative rule is inconsistent with R.C. 124.321(D). Therefore, to the extent that it allows appellants to be laid off without actually abolishing their positions, Ohio Adm. Code 123:1-5-08 is inconsistent with R.C. 124.321(D).

The hearing officer concluded that, as a matter of law, Ohio Adm. Code 123:1-5-08 applied and allowed the appellants to be laid off. As noted above, this conclusion is incorrect. Accordingly, it was error for the court of common pleas to hold that the decision of the State Personnel Board of Review was in accordance with law.

Appellants' first assignment of error is therefore sustained.

Inasmuch as appellants' first assignment of error is sustained, it becomes unnecessary to determine whether there was reliable, probative, and substantial evidence to support the order of the board. Because the authority relied upon by the board in abolishing the positions was not in accordance with the law, the question of the actual weight of evidence produced is not before us and is therefore moot, and appellants' second assignment of error is overruled.

Appellants' first assignment of error is sustained, and the second assignment of error is overruled. The judgment of the court of common pleas is reversed, and this cause is remanded for further proceedings according to law and consistent with this opinion.

*Judgment reversed and cause remanded.*

STERN and BROWN, JJ., concur.

LEONARD J. STERN, J., retired, of the Supreme Court of Ohio, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.

WILLIAM B. BROWN, J., retired, of the Supreme Court of Ohio, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.