BOWERS, APPELLANT, *v.* COLUMBUS MUNICIPAL CIVIL SERVICE COMMISSION ET AL., APPELLEES.

(No. 86AP-557 — Decided December 30, 1986.)

*Denmead, Blackburn & Willard* and *Steven M. Brown,* for appellant.

*Ronald J. O'Brien,* city attorney, and *Lawrence G. Muscarella,* for appellees.

OLIVITO, J.   This matter is before us on the appeal of appellant, David E. Bowers, from a judgment of the Franklin County Court of Common Pleas dismissing his appeal. Appellant has raised a single assignment of error as follows:

"The trial court erred in affirming the decision of the Columbus Municipal Civil Service Commission, which erred in affirming the decision of the Executive Director, dated April 4, 1985, which determined that appellant's appeal filed with the Columbus Municipal Civil Service Commission on January 2, 1985, did not meet the conditions for appeal as outlined in the City Charter or Columbus Municipal Civil Service Commission Rules, because the appeal filed by appellant on January 2, 1985, did meet the conditions for appeal as outlined in the City Charter or the Columbus Municipal Civil Service Commission Rules."

On January 2, 1985, appellant, a Columbus firefighter, filed an appeal with the Executive Director of the Columbus Municipal Civil Service Commission alleging that the salary ordinance enacted by the Columbus City Council violated the classification system. The salary ordinance granted a pay differential to firefighters with EMT-A qualifications who are either permanently or temporarily assigned

to a squad, medic, or fire rescue company.

The Executive Director of the Columbus Municipal Civil Service Commission determined that appellant had no standing to file an appeal regarding the salary ordinance since his status as a classified employee entitled him to appeal only decisions or orders of discharge, suspension, or reduction in rank or compensation. Consequently, appellant's appeal was not in the subject matter of the commission's appellate jurisdiction.

Appellant then appealed the executive director's decision to the Columbus Municipal Civil Service Commission. Hearings were held regarding the commission's jurisdiction and authority to hear the appeal, and on November 19, 1985, the commission issued a decision affirming the executive director's decision. In its opinion, the commission reiterated that the appellant's original complaint was not within the appellate jurisdiction of the commission.

Appellant appealed the commission's decision to the common pleas court. In dismissing the appeal, the court stated that neither it nor the commission had the jurisdiction to hear the appeal. Appellant now appeals to this court.

We are called upon to determine whether R.C. 2506.01 provides an avenue by which appellant may seek review of determinations that his original complaint is not within the jurisdiction of the commission or the common pleas court. R.C. 2506.01 states:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *."

In *M. J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150, 61 O.O. 2d 394, 290 N.E. 2d 562, the court held that an administrative proceeding must be quasi-judicial in nature before any order issuing from it can be appealed pursuant to R.C. 2506.01. See, also, *State, ex rel. Rieke,* v. *Hausrod* (1979), 59 Ohio St. 2d 48, 13 O.O. 3d 35, 391 N.E. 2d 736. In deciding whether an administrative agency's act is quasi-judicial, the most common test is whether the function under consideration involves an exercise of discretion and requires notice, a hearing and an opportunity for the introduction of evidence. *M. J. Kelley Co., supra.*

In the instant case, there are no provisions in the Ohio Revised Code, the Columbus City Charter, or the Rules of the Columbus Municipal Civil Service Commission which require the commission to hold hearings regarding alleged violations in the classification scheme. The only instance when the commission is required to provide notice and a hearing is when an appointing authority reduces an employee in rank or compensation or discharges or suspends the employee. Columbus City Charter Section 149-1; Commission Rule XIII(F). See, also, R.C. 124.34.

Appellant was not reduced in rank or compensation, nor was he suspended or discharged. In circuitous reasoning, appellant in essence has alleged that since other employees in his classification received pay increases, he received a pay reduction. In fact, appellant's salary remained the same. Consequently, appellant does not fit into one of the four enumerated situations which would entitle him to notice, a hearing, and an opportunity to present evidence. As a result, the actions of the commission

were not quasi-judicial and therefore are not appealable under R.C. 2506.01.

Furthermore, an administrative appeal is inapplicable and unavailable because an appeal under R.C. 2506.01 will not lie from a legislative action. *Haught* v. *Dayton* (1973), 34 Ohio St. 2d 32, 63 O.O. 2d 49, 295 N.E. 2d 404. In *Teamsters Local Union No. 377* v. *Youngstown* (1980), 64 Ohio St. 2d 158, 18 O.O. 3d 379, 413 N.E. 2d 837, the Supreme Court stated in the syllabus:

"A municipality which incorporates the provisions of the Revised Code relating to municipal civil service in its charter does not * * * divest city council of its authority to determine wages of city employees, nor does it empower the municipal civil service commission to order standardization of wages of the employees of the municipality."

Section 15 of the Columbus City Charter places the duty of fixing the salary and compensation of all city employees on city council. In regard to the salary ordinance in issue before us, the civil service commission was to act in an advisory capacity to city council. The commission is given no authority to review or change the compensation for employees once the amount has been fixed by city council.

In view of our determination that it is only those administrative actions of administrative officers and agencies resulting from quasi-judicial proceedings which are appealable under R.C. 2506.01, the action of the city council which did not result from a quasi-judicial proceeding was not appealable to the commission or to the common pleas court.

Appellant's assignment of error is hereby overruled and the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

REILLY and TYACK, JJ., concur.

OLIVITO, J., of the Jefferson County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.