GUNN et al., Appellants,

v.

EUCLID TEACHERS ASSOCIATION et al., Appellees.

[Cite as *Gunn v. Euclid Teachers Assn.* (1989), 65 Ohio App.3d 312.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56123.

Decided Nov. 20, 1989.

*Sweet, Caywood & Winfield* and *Barry L. Sweet,* for appellants.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Vincent T. Lombardo,* Assistant Attorney General, Labor Relations Section, for appellee State Employment Relations Board.

*Squire, Sanders & Dempsey, James H. Woodring, John T. Meredith* and *Susan C. Hastings,* for Euclid City School District Board of Education.

*Murphy & Macala Co., L.P.A., Dennis Haines* and *Barry Laine,* for appellee Euclid Teachers Assn.

---

JOHN V. CORRIGAN, Judge.

Appellants, Phyllis E. Gunn et al., appeal the trial court's decision which granted the motion to dismiss for lack of subject matter jurisdiction of appellees, Euclid Teachers Association et al. Upon review of the record provided herein, we affirm.

This action commenced when appellants filed an unfair labor practice charge against appellees alleging that the Euclid Teachers Association had breached its duty of fair representation in violation of R.C. 4117.11(B)(6). This complaint was filed with the State Employment Relations Board ("SERB") following appellees' negotiation and implementation of a retirement plan that altered the terms of the then-existing collective bargaining agreement.

SERB conducted an investigation of the charges filed in appellants' complaint, and on January 27, 1987, they dismissed the claims based upon their determination that no probable cause existed to substantiate the charge of unfair labor practice on the part of appellees. Appellants then filed an

administrative appeal from that decision pursuant to R.C. 119.12 and 4117.-13(D).[1]

Appellees filed motions to dismiss which asserted that the trial court lacked subject matter jurisdiction over the matter since SERB's administrative action of dismissing the unfair labor practice charge for lack of probable cause was not a final order subject to review under R.C. 119.12 or 4117.13.

This timely appeal followed, and puts forth five assignments of error.

"I.   The common pleas court's error and abuse of discretion in dismissing the appeal of SERB's arbitrary and capricious final order of dismissal of appellant's unfair labor practice charge further denied appellants' rights to due process of law.

"II.   The common pleas court erred and abused its discretion in dismissing the appeal of SERB's dismissal ordered contrary to the manifest weight of the evidence and without support of substantial evidence.

"III.   The common pleas court erred and abused its discretion in dismissing the appeal of SERB's dismissal order which was not in accordance with law.

"IV.   The common pleas court abused its discretion to the manifest prejudice of appellants in dismissing appellants' appeal by ordering a briefing schedule and requiring that appellants' brief supporting assignments of error be filed without requiring that appellees' reply brief be filed prior to its final order.

"V.   The common pleas court erred and abused its discretion in dismissing the appeal of SERB's dismissal order which was the result of improper and unlawful SERB investigation, deliberation, and release of its record of appellants' unfair labor charges."

Appellants' five assignments of error raise various issues relative to the dismissal of the action filed in the trial court.   The substance of these issues range from questions in the area of constitutional law to arguments that involve contentions that SERB's actions were arbitrary and capricious.   However, for purposes of appellate review in this case, we must establish whether the dismissal for lack of subject matter jurisdiction was proper.

It is axiomatic that there is no right to appeal from a decision of an administrative agency, except as provided by statute. *Dinner Bell Meats, Inc. v. Bd. of Revision* (1982), 70 Ohio St.2d 103, 104, 24 O.O.3d 185, 186, 435

---

1.   Appellants filed a second complaint in common pleas court alleging that the actions of appellees constituted fraud, unfair labor practices, breach of contract, and deprivation of constitutional rights.   Appellees moved for and were granted summary judgment by the trial court.   In *Gunn v. Euclid City School Dist. Bd. of Edn.* (1988), 51 Ohio App.3d 41, 554 N.E.2d 130, this court affirmed that decision.

N.E.2d 412, 413; citing *Lindblom v. Bd. of Tax Appeals* (1949), 151 Ohio St. 250, 39 O.O. 66, 85 N.E.2d 376. R.C. 4117.13(D) provides in pertinent part:

"Any person aggrieved by any final order of the board granting or denying, in whole or in part, the relief sought may appeal to the court of common pleas of any county where the unfair labor practice in question was alleged to have been engaged in, or where the person resides or transacts business, by filing in the court a notice of appeal setting forth the order appealed from and the grounds of appeal. The court shall cause a copy of the notice to be served forthwith upon the board. Within ten days after the court receives a notice of appeal, the board shall file in the court a transcript of the entire record in the proceedings, certified by the board, including the pleading and evidence upon which the order appealed from was entered. * * * "

The question before this court is whether the investigatory act conducted by SERB in response to appellants' claim of unfair labor practices constitutes a "final order" for purpose of R.C. 2506.01. This statute provides:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code, except as modified by this chapter.

"The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding."

In *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562, it was held that an administrative proceeding must be quasi-judicial in nature before any order issuing from it can be appealed pursuant to R.C. 2506.01. See *Bowers v. Columbus Mun. Civil Serv. Comm.* (1986), 34 Ohio App.3d 280, 281, 518 N.E.2d 584, 585. To determine whether the administrative agency's act is quasi-judicial, the function must be shown to involve an exercise of discretion that requires notice, a hearing and an opportunity for the introduction of evidence. *M.J. Kelley Co., supra,* paragraph two of the syllabus.

In this case, SERB's function amounted to an investigation of a complaint that appellees had violated the collective bargaining agreement between the parties, which constituted an unfair labor practice. As such, SERB's initial statutory duty was to determine whether appellants' charges were supported by probable cause and warranted the issuance of a complaint. R.C. 4117.12.

SERB's actions pursuant to R.C. 4117.12 amounted to an evaluation and investigation of charges and did not include a formal hearing. A hearing on charges of unfair labor practices is not held until probable cause has been established. R.C. 4117.12(B)(1).

In the absence of a finding of probable cause by SERB, their decision cannot be deemed quasi-judicial in nature. Moreover, decisions which are carried out pursuant to statutory investigations without a hearing are not considered "adjudicative orders." R.C. 119.06; *State, ex rel. Harris, v. Williams* (1985), 18 Ohio St.3d 198, 201, 18 OBR 263, 266, 480 N.E.2d 471, 473.

While R.C. 119.12 governs appeals of administrative decisions, it mandates that those decisions stem from orders issued as a result of an adjudication. See R.C. 119.01(D). SERB's finding of no probable cause made subsequent to an investigation is not an adjudicative order. *Lorain Edn. Assn. v. Lorain City School Dist. Bd. of Edn.* (1987), 41 Ohio App.3d 349, 353, 535 N.E.2d 1383, 1388.

Appellants cite *South Community, Inc. v. State Emp. Relations Bd.* (1988), 38 Ohio St.3d 224, 527 N.E.2d 864, as authority for their position that the common pleas court has jurisdiction to hear their appeal. In *South Community, Inc.,* the court held that "the State Employment Relations Board is an 'agency' whose adjudications are made subject to judicial review pursuant to R.C. 119.12, specifically by R.C. 4117.02(M)."

While we accept the Ohio Supreme Court's decision in that case, we find appellants' interpretation and application of it to be misplaced.

The *South Community, Inc.* decision explained that SERB is an agency subject generally to R.C. Chapter 119. However, R.C. 4117.13(D) does set forth "those circumstances requiring specific procedures to initiate the right of appeal." *Id.* at 226, 527 N.E.2d at 866.

The language of R.C. 4117.13(D) permits an appeal to common pleas court from any final order of the board. The board is required to file with the court a transcript of the entire record from the proceeding held before SERB, which includes the pleadings and evidence upon which its order is based. Since the investigatory function of SERB carried out pursuant to R.C. 4117.12 does not require a formal hearing where evidence would be taken, it can only be

concluded that the determination of whether or not an unfair labor practice charge will be dismissed is not the final order referred to or contemplated by R.C. 4117.13(D).

The right to appeal provided for by R.C. 4117.13(D) is only initiated after a complaint is issued and a formal hearing on the merits is conducted by SERB. See *Ohio Assn. of Pub. School Emp. v. Cleveland Bd. of Edn.* (1987), 37 Ohio App.3d 126, 129–130, 524 N.E.2d 532, 534–535. Since SERB found no probable cause to issue a complaint in this case, appellants had no right to appeal under R.C. 4117.13(D).

Accordingly, appellants had no right to judicial review of SERB's determination. An investigatory function of an administrative agency cannot be appealed where a final order does not exist for purposes of R.C. 2506.01. Appellants' contention that the common pleas court had jurisdiction to address the issues relative to their unfair labor practices charge, pursuant to R.C. 4117.-13(D) and 119.12, lacks merit.

The trial court's decision to dismiss the instant action for lack of subject matter jurisdiction is affirmed.

*Judgment affirmed.*

MATIA and NAHRA, JJ., concur.